Jared M. Phenicie, Plaintiff-Appellant, v. Service
Liquor Store, Inc., an Illinois Corporation, and
Eugene Stern, Defendants-Appellees.

Gen. No. 10,244.

Third District.

January 5, 1960.

Released for publication January 21, 1960.

Winkelmann and Winkelmann, of Urbana, for plaintiff-appellant.

Creed D. Tucker, Law Offices of Ray F. Dobbins, of Champaign, for defendants-appellees.

JUDGE ROETH delivered the opinion of the court. Plaintiff commenced an action under the Dramshop Act against Service Liquor Store, Inc., the operator of a package liquor store, and Eugene Stern, the owner of the building in which the liquor store was operated. The complaint contained the usual allegations of a sale of liquor to one Ardith Davis which caused his intoxication in whole or in part. The complaint then alleged that Ardith Davis while intoxicated, negligently operated an automobile in which plaintiff was riding as a passenger, causing it to strike a concrete abutment thereby injuring plaintiff. Defendants took a discovery deposition of the plaintiff and then filed a motion for summary judgment attaching the deposition to the motion. In the motion for summary judgment defendants took the position that either Ardith Davis was not intoxicated or that if intoxicated plaintiff was guilty of complicity in producing the intoxication of Ardith Davis. Plaintiff filed a counter showing in opposition to the motion for summary judgment consisting of certain affidavits, the contents of which will be hereinafter noted.

From plaintiff's discovery deposition it appears that he and Davis were friends. On the evening of April 10, 1958, at about 6:45 P. M., Davis stopped at

plaintiff's house trailer. Plaintiff was getting ready to go to a National Guard meeting. Davis told plaintiff that he had borrowed $5 and he was going down to Service Liquor Store to get some beer. Later that evening, between 8:30 and 9:00 P. M., Davis came down to where the meeting was being held and joined the group during a coffee break. Plaintiff said that he could tell that Davis had been drinking, that the odor of alcohol about him was real strong and that he laughed and talked continually and acted silly. Although not a member of the guard unit, Davis remained during the remainder of the meeting and continued to talk in low tones during the class instruction. The meeting of the National Guard ended at 10:30, whereupon plaintiff and Davis, each driving his own car, went to plaintiff's house trailer where Davis produced a quart of beer which the two proceeded to drink. Davis had two glasses and plaintiff had one glass and a half of the beer, the whole quart being thus consumed. At about 11:45 plaintiff and Davis left in Davis' car to go to the town of St. Joseph with Davis driving. The accident occurred enroute.

Apparently to forestall defendants' claim in their motion for summary judgment that Davis was not intoxicated, plaintiff filed the counter showing above noted. This consisted of (1) an affidavit of the State Trooper who was at the scene of the accident and who stated that Davis was intoxicated, (2) an affidavit of a nurse at the hospital to which Davis was taken who stated that upon admittance to the hospital Davis appeared to be intoxicated and that an intoxication test was given to him, (3) the result of a Harger drunkometer test showing an alcoholic content of .40%, (4) the affidavit of a doctor that an alcoholic content of .15% is considered to indicate intoxication and that .40% is the equivalent of the consumption of

a fifth of whiskey or similar alcoholic beverage, and (5) the record of conviction of Davis of the charge of driving the car while under the influence of intoxicating liquor. With the foregoing before it, the trial court granted defendants' motion for summary judgment and entered judgment for the defendants.

In Meier v. Pocius, 17 Ill.App.2d 332, 150 N.E.2d 215, the court said:

"In the counter-affidavit which plaintiff filed, there was no denial of his participation in the drinking nor did he deny that his brother was sober. He merely recalls and seeks to prove that he did not have money enough to buy drinks. It has been repeatedly held that a plaintiff who participates in bringing about the intoxication of another may not recover under the Dramshop Act. Douglas v. Athens Market Corp., 320 Ill. App. 40, 49 N.E.2d 834; Forsberg v. Around Town Club, Inc., 316 Ill. App. 661, 45 N.E.2d 513; Kreps v. D'Agostine, 329 Ill. App. 190, 67 N.E.2d 416; James v. Wicker, 309 Ill. App. 397, 33 N.E.2d 169; Reget v. Bell, 77 Ill. 593; People for Use of Lenand v. Linck, 71 Ill. App. 358. *Participation does not, in our opinion, necessarily mean that the plaintiff must supply the liquor.* If as in the instant case, he embarks with another on a tour of taverns and joins in the drinking of liquor, he cannot under the Dramshop Act recover because of the alleged intoxication of his companion. . . . Under the statute, pretrial depositions may be used as an admission made by a party in the same manner and to the same extent as other admissions. (Ill. Rev. Stat., 1957, Ch. 110, Sec. 101.19—10 (Supreme Ct. Rule 19—10).)" (Emphasis supplied)

The cases cited in the foregoing opinion are the leading cases in this state enunciating these same principles.

■ ■ In the case at bar, as in the Meier v. Pocius case, supra, the ultimate question to be decided was whether there was a triable issue of fact on the question of complicity, that is participation by plaintiff in Davis' drinking and subsequent intoxication. In his deposition plaintiff admitted that he participated in drinking with Davis at least to the extent of one quart of beer, thereby in part at least, bringing about the intoxication of Davis. There is no showing that Davis was not intoxicated at the time of the occurrence in question. Whether plaintiff was fully aware of this state of intoxication or believed the contrary is beside the point on the issue here involved. The showings made on the motion for summary judgment fail to disclose any triable issue of fact as to the intoxication of Davis. Davis, the party involved, does not state the contrary. Aside from the question of whether on the hearing of the motion for summary judgment it might have been made to appear that the question of Davis' intoxication was a fact question, there is no fact question as to participation by plaintiff in the consumption of liquor by Davis. Assuming that Davis was in fact intoxicated, a fact which plaintiff was required to establish, then participation by plaintiff in Davis' drinking exonerates the defendant from liability under the Dramshop Act.

■ ■ Counsel for plaintiff cite several cases, most of which involve the question of provocation. When the distinctions between the doctrines of provocation and complicity as noted in Taylor v. Hughes, 17 Ill. App.2d 138, 149 N.E.2d 393, are kept in mind it becomes apparent that the question of provocation is ordinarily a fact question for the jury. Likewise it is conceivable that the question of complicity might be a fact question for the jury, as for example where there is a denial of participation in the drinking. Such, however, is not the situation in the case at bar.

496

Accordingly the judgment of the Circuit Court of Champaign County will be affirmed.

Affirmed.

REYNOLDS, P. J., and CARROLL, J., concur.