Sandra Tezak, a Minor, by Helen Tezak, Her Mother and Next Friend, Plaintiff-Appellant, v. James L. Cooper, d/b/a Cooper's Liquor Store, Joseph Tavegia and Rose Tavegia, d/b/a Golden Horseshoe Tavern, and Robert Kreml, d/b/a Kreml's Corner, Defendants-Appellees.

Gen. No. 11,326.

Second District, First Division.

February 16, 1960.

Released for publication March 4, 1960.

Schenk, Dimas, and Brown, of Joliet (Harry L. Schenk, of counsel) for plaintiff-appellant.

Moran, Klockau, McCarthy, and Johnson, of Rock Island, Robson, Masters, and Ryan, of Joliet (Bernard J. Moran, Donald A. Henss, and Frank Masters, Jr., of counsel) for defendants-appellees.

PRESIDING JUSTICE McNEAL delivered the opinion of the court.

This is a dram shop action brought under the provisions of section 135, Chapter 43 of the Illinois Revised Statutes, by Sandra Tezak, aged 15, against James L. Cooper, d/b/a Cooper's Liquor Store, Joseph and Rose Tavegia, d/b/a Golden Horseshoe Tavern, and Robert Kreml, d/b/a Kreml's Corner. Plaintiff alleges: that on about July 4, 1957, the defendants furnished intoxicating liquors to Arthur Bittle, causing his intoxication, that as a result thereof he lost control of a motor vehicle which he was operating, and caused it to leave the pavement and roll over several times, and that the plaintiff, who was riding in the vehicle as a guest, was injured.

The defendants took plaintiff's pre-trial discovery deposition. The deposition indicated that plaintiff had participated in the drinking. The defendants Joseph and Rose Tavegia filed a motion for summary judgment and supported their motion by portions of the discovery deposition. The motion was allowed and on October 7, 1958, judgment was entered in favor of Joseph and Rose Tavegia. Plaintiff took no appeal from the judgment.

The cause was set for trial as to the other defendants and on March 7, 1959, they notified plaintiff that on March 8 they intended to call up for hearing a motion for summary judgment similar to that which had previously been filed on behalf of the Tavegias. A hearing was had on March 8 and the trial court announced that he was allowing the motion and entering judgment for the defendants James L. Cooper and Robert Kreml. After the judge had announced his ruling, counsel for plaintiff requested leave to file counter-affidavits. The court made several inquiries of counsel as to whether he could state any facts in addition to those which appeared in the motion for summary judgment. Counsel stated none and the court thereupon denied the request for leave to file counter-affidavits. Judgment was entered for the defendants and this appeal followed.

 Some complaint is made about the action of the trial judge in refusing the request for leave to file counter-affidavits. While it is true that his ruling in this regard is subject to review, yet such a ruling should not be set aside unless there has been an abuse of discretion. In the instant case the motion for summary judgment was virtually identical with the one which had been filed by the Tavegias some months previously. Counsel for plaintiff did not file or tender any counter-affidavits either prior to or at the time of the hearing. In fact, the record indicates that the

request to file counter-affidavits was not made until after the court had actually announced its ruling. Even so, the trial court made repeated inquiries of counsel as to whether he could state any facts which did not appear in plaintiff's deposition so as to raise some issue for the jury. Counsel stated no additional facts and the court then indicated that he would deny the request for leave to file counter-affidavits. This being the state of the record, we cannot say that there was an abuse of discretion by the trial court.

The two main points argued on this appeal are: (1) Whether plaintiff participated in the drinking to such an extent as to be barred as a matter of law, and (2) Whether the judgment entered in favor of the Tavegias is res judicata insofar as the defendants Cooper and Kreml are concerned. In order to determine the first point, it is necessary to review the facts in plaintiff's discovery deposition.

Plaintiff met Art Bittle and Mike Barnett at about 2 P. M. on July 3, 1957, at a bus depot. They drove to New Lenox and picked up Bob Mayfield. They then drove to Mokena where Bittle purchased some beer. The boys drank the beer two blocks from the tavern where it was purchased. Plaintiff took "about two sips." The boys took plaintiff to her home at about 5 P. M.

At 7 P. M., Bittle, Barnett and Mayfield picked up plaintiff at her home. Bittle was driving his car. They were going to the Lorenzo strip mines. They stopped at the Golden Horseshoe and Bittle purchased more beer, Seven-up, and a half pint of whiskey. Bittle and Barnett drank on the way to the strip mines. It was dark at the strip mines. The beer was in quart bottles and plaintiff drank two quarts of beer. After the liquor was gone they went to another place and got more to drink. Bittle was drunk and got in an argument with Mayfield, Bittle and Mayfield took plaintiff home, apparently around midnight, to change

360

her clothes. She rejoined them and they resumed their activities. The accident in which plaintiff was injured occurred about 3 A. M.

A number of cases have been cited by counsel as to whether plaintiff's participation in the drinking bars her as a matter of law. Those decisions which are most nearly in point insofar as the defendants are concerned and which hold that the plaintiffs involved therein were barred as a matter of law by reason of their participation in the drinking are: Phenicie v. Service Liquor Store, Inc., 23 Ill.App.2d 492, 163 NE 2d 220; Meier v. Pocius, 17 Ill.App.2d 332, 335; Kreps v. D'Agostine, 329 Ill. App. 190; and James v. Wicker, 309 Ill. App. 397. In the last cited case, plaintiff and her companions remained at a tavern from 10 P. M. until 2:30 A. M. All of the persons involved drank a considerable amount of intoxicating liquors. Plaintiff had five or six drinks and felt a "little bit lit and sleepy." Plaintiff was injured in a collision which occurred shortly after the party left the tavern. Plaintiff obtained a verdict, but a judgment notwithstanding the verdict was entered for the defendants. In affirming the judgment the Court said, page 405:

". . . while obviously plaintiff did not purchase any of the liquor, we think she was a 'willing party' not free from 'complicity' but on the contrary was a participant in what was done in that regard at the tavern and not an innocent person who alone is entitled to recover under the statute."

Plaintiff relies on Lester v. Bugni, 316 Ill. App. 19; DeLong v. Whitehead, 11 Ill.App.2d 330; Taylor v. Hughes, 17 Ill.App.2d 138; and Busser v. Noble, 22 Ill.App.2d 433. In the Lester case, plaintiff drank only a small amount of beer, made repeated requests to be taken home, finally left his driver, and went to sleep in the back of the car. In the DeLong case, plaintiff saw her driver drink one mixed drink and

361

there was a dispute in the evidence as to whether plaintiff herself had one highball. In the Taylor case, the opinion does not indicate whether plaintiff had anything to drink and, if so, whether he drank with his assailant. In the Busser case it is true that plaintiff had "some" beer, but the record was silent as to how much, and consequently it was not clear whether plaintiff had participated in the drinking to a material and substantial degree.

■ While the problem is not free from difficulty, it would appear that if there is a dispute in the evidence as to whether plaintiff voluntarily participated in the drinking, or if there is a dispute as to whether such participation, if any, amounted to a substantial or material participation, then the question becomes one of fact which should be submitted to the jury. Even if there is no dispute in the evidence, yet if fair-minded persons would draw different conclusions from the evidence, then it becomes the province of the jury to draw that conclusion which to them seems most reasonable. On the other hand, if the evidence is not disputed and if all reasonable persons would conclude that plaintiff voluntarily participated in the drinking to a material and substantial degree, then such participation bars plaintiff as a matter of law.

Turning to the undisputed facts in the instant case, plaintiff voluntarily rejoined the party on two different occasions, once around 7 P. M. and again around midnight. She accompanied the group to a number of different taverns and herself consumed a substantial amount of intoxicating liquor. She participated in the drinking voluntarily and to a substantial and material degree.

■ ■ We believe that the courts should enter summary judgments with caution and if there is any dispute in the evidence, such dispute should be submitted to the jury. Even if there is no dispute in the evi-

■■■■

dence, such evidence should be submitted to the jury if reasonable persons could draw different conclusions from the undisputed evidence. With these principles in mind, we have read and considered the record in this case very carefully and the conclusion appears inescapable that plaintiff did voluntarily participate in the drinking to a substantial degree. Under the authorities which we have considered, she must be regarded as being barred from recovery under the Dramshop Act as a matter of law, that statute having been enacted to protect the rights and interests of innocent persons.

■■ It is also contended that inasmuch as the trial court entered a judgment against plaintiff and in favor of the Tavegias on the ground that plaintiff was barred by her participation in the drinking, plaintiff should not be permitted to retry this identical issue as against the defendants Cooper and Kreml. The general rule is that a judgment is not res judicata in a subsequent action unless the parties are the same or in privity with those in the prior proceeding. However, authorities from other jurisdictions have been cited which recognize an exception to this general rule. (See Gammel v. Ernst & Ernst, 245 Minn. 249, 72 NW2d 364, 54 ALR2d 316; Coca-Cola Co. v. Pepsi-Cola Co., 36 Del. 124, 172 A 260; and Bernhard v. Bank of America Nat. Trust & Savings Ass'n, 19 Cal.2d 807, 122 P2d 892.) These cases hold that if a plaintiff tries a particular issue as against one defendant and there is a judgment adverse to plaintiff, then public policy prevents plaintiff from retrying this identical issue as against other defendants even though there is no privity as between the various defendants. These decisions are persuasive in the absence of Illinois authority on the specific point and, in view of the fact that the court had already found adversely to plaintiff on the issue of participation in-

363

sofar as the Tavegias were concerned, prevent plaintiff from retrying this identical issue as against the defendants Kreml and Cooper.

In view of the foregoing we believe that the judgment of the Circuit Court of Will County is correct and that said judgment should be and it hereby is affirmed.

Judgment affirmed.

DOVE and SPIVEY, JJ., concur.