Clifford Baker and Joan Simpson, Plaintiffs-Appellants, v. Robert Hannan, Jr., and Ed. Zbornak, Sr., d/b/a Cotton's and Porky's Tavern, et al., Defendants-Appellees.

Gen. No. 63–O–16.

Fourth District.

November 22, 1963.

Russell H. Classen, of Belleville, for appellants.

Wagner, Conner, Ferguson, Bertrand and Baker, of East St. Louis, for Belleville Amvets Post 207. Arthur W. Peth, of Belleville, for Ella Daab. Wilson, Siebert, Lynaugh and Abney, of Springfield, for Robert Hannan, Jr., and Ed. Zbornak, Sr., d/b/a Cotton's and Porky's Tavern and Margaret Wilkins (Bernard H. Bertrand and John P. Lynaugh, of counsel), for appellees.

CULBERTSON, P. J.
Appellants, Clifford Baker and Joan Simpson, appeal from the dismissal of their action as against defendants in this cause, as the result of the granting of a motion for directed verdict by the Circuit Court of St. Clair County. The action was brought under the Illinois Dram Shop Act for damages for personal injuries received in an automobile collision as the result of the alleged intoxication of one Roland Isslehardt. The evidence disclosed that the plaintiffs went to the taverns named as defendants on the evening of April 25, 1958 and drank in one tavern (Cotton's and Porky's Tavern) where Roland Isslehardt bought one or more glasses of beer for the plaintiffs. Later in the same evening, at the tavern operated by Belleville Amvets Post 207, plaintiffs again were in the company of Roland Isslehardt and Roland again bought them

at least one drink. After they left the second tavern, with plaintiff Clifford Baker driving and Mrs. Simpson as a passenger in his automobile, they became involved in a collision with a car driven by Roland Isslehardt. There was evidence that Isslehardt was driving his automobile while intoxicated.

■ The question which was specifically raised on trial of this cause was whether plaintiffs who spent considerable time drinking in the company of the person who was alleged to be an intoxicated person under the Dram Shop Act and consumed intoxicating liquors which he purchased for them, should be allowed to recover from tavern keepers who sold them the intoxicating liquors.

The Trial Court allowed a motion for directed verdict at the close of plaintiffs' case. The Courts of this State have clearly established that under the Illinois Dram Shop Act a person who participates in procuring the intoxication of the person who committed the act about which complaint is made, cannot recover under the Act (Taylor v. Hughes, 17 Ill App2d 138, 149 NE2d 393; Meier v. Pocius, 17 Ill App2d 332, 150 NE2d 215). The direction of verdict, on the state of the facts before us by the Trial Court, was consistent with the law of this State and justified on the record.

■ Another point made by plaintiffs was to the effect that certain defendants had filed a motion to dismiss, and that by failing to file an answer before the trial, were deemed to have admitted as true the allegations contained in the complaint. No objection was raised by plaintiffs to the state of the pleadings during the trial and this question is raised for the first time upon appeal. An objection to the condition of the record such as raised here must be raised in the first instance during trial and cannot be raised

159

for the first time on appeal (Slezak v. Fleming, 392 Ill 387, 64 NE2d 734; O'Flaherty v. Osborn, 26 Ill App 2d 152, 167 NE2d 563).

It is therefore apparent under the record before us, that the action of the Circuit Court of St. Clair County was proper and should be affirmed.

Affirmed.

SCHEINEMAN and HOFFMAN, JJ., concur.