Patricia Holcomb, Individually and for the Exclusive Use and Benefit of Dawn Marie Holcomb, Her Minor Child, Plaintiff-Appellant, v. Raymond Hornback, d/b/a the Astronaut Club, First National Bank of Springfield, a Banking Corporation, Individually and as Trustee Under the Last Will and Testament of George Bisch, Deceased, John W. Penman, d/b/a Orpheum Lounge, Maurice Kaiserman and Bessie Kaiserman, Defendants-Appellees.

Gen. No. 10,545.

Fourth District.

August 17, 1964.

Howarth, Howarth & Walbaum, of Springfield, for appellant.

Olsen & Cantrill, James A. Frederick, and Wilson, Siebert, and Lynaugh & Abney, all of Springfield, for appellee.

WRIGHT, JUSTICE.

The plaintiff filed a complaint for damages in the Circuit Court of Sangamon County under the Illinois Dramshop Act, section 134 of chapter 43 of the Illinois Revised Statutes. In Count I, the plaintiff, individually, seeks damages on account of direct physical injuries to her person. In Count II, the plaintiff seeks damages on behalf of her minor child for injuries to the means of support of the minor child.

The defendants moved for a summary judgment against the plaintiff because of her alleged complicity in bringing about the intoxication of the person who caused her own injuries. The motion for summary judgment is supported by Exhibit A which is an affidavit of an attorney for defendants who attended the taking of the discovery deposition of the plaintiff.

The affidavit generally, makes reference to plaintiff's discovery deposition which is reduced to writing and attached in full as Exhibit B. The plaintiff filed her objection to the motion for summary judgment alleging that there is a genuine issue as to a material fact, namely, whether plaintiff is an innocent person entitled to recover under the Dramshop Act. The objection of the plaintiff is accompanied by her affidavit. The trial court granted defendants' motion for summary judgment as to Count I of the complaint and entered judgment for defendant on Count I. It is from this order that plaintiff appeals.

Plaintiff is alleged to have been shot four times in the back and side on Saturday, May 19, 1962, at about 9:30 or 9:40 a. m. by Gilbert Crawford. It is further alleged that Crawford was intoxicated, the result in whole or in part of the sale or gift of intoxicating liquors to Crawford by operators of the Orpheum Lounge and the Astronaut Club.

It is apparent that the activities of the plaintiff and Crawford during the period of time immediately preceding the shooting are crucial. The record contains this chronological sequence of events all occurring in Springfield, Illinois. Plaintiff went to Harold's Restaurant in the afternoon on May 18 to get something to eat and there first saw Crawford that day. They argued and after they left the restaurant Crawford slapped her. Plaintiff then went to the Astronaut Club where she ordered and paid for a small beer for herself. Crawford came into the tavern later but the two did not sit together or talk to each other more than a minute or two. Plaintiff paid for at least one more beer for herself. At no time on May 18 did plaintiff buy or give any alcoholic beverages to Crawford and at no time were they together in the tavern except for one or two minutes duration.

Plaintiff left the Astronaut Club about midnight and went by herself to her apartment. No one was

there when she arrived and she went to bed. Craw-
ford later came to the apartment and spent the rest
of the night fully clothed on plaintiff's bed. There
was no conversation or other activities between the
two.

On May 19 at about 7:45 a. m., plaintiff left her
apartment to have a blouse ironed. She then went
to the Astronaut Club where she talked to the bar-
tender. She drank three or four glasses of ice water
and was sitting at the end of the bar with her back to
the door. Crawford then came in and asked plaintiff
if she was going to Blackie's with him and plaintiff
said no. Crawford then went fifteen or twenty feet
to the other end of the bar.

The plaintiff testified upon her deposition that when
Crawford first came in the tavern he instructed the
bartender to give to the plaintiff a bottle of beer.
Plaintiff drank this bottle of beer and then Crawford
left the tavern. After this, the plaintiff had another
bottle of beer which she paid for. Crawford then re-
turned to the tavern and bought the plaintiff another
bottle of beer. The plaintiff testified that this bottle
of beer was sitting in front of her and that she had
not drank from it at the time she was shot. In plain-
tiff's affidavit, she stated that she did not want the
beer purchased at the direction of Crawford and so
instructed the bartender. This fact was not mentioned
in her discovery deposition. Regardless of this, the
record is clear that whether she wanted the beer or
not she did in fact drink the first bottle of beer pur-
chased by Crawford.

Crawford then went out and came back into the
tavern three or four times. At about 9:30 or 9:40 a. m.,
Crawford came back, tapped plaintiff on shoulder and
again asked her, "Are you going back?" Again plain-
tiff answered no, whereupon Crawford said, "Okay,
let's end it like this." He then shot plaintiff four
times and committed suicide. These two brief ex-

87

changes of words were the only conversations between the two preceding the shooting.

It is the theory of the plaintiff that her affidavit in opposition to the motion for summary judgment together with statements made by her in her discovery deposition, indicate that plaintiff in no manner participated in bringing about the intoxication of the person who caused her injuries and that at a minimum such statements created a triable issue of fact on the question of participation, and the trial court erred in entering summary judgment in favor of defendants on Count I of the complaint.

It is the theory of the defendants that the plaintiff having accepted alcoholic liquor and consumed it with the person who caused her injuries is thereafter precluded from recovery for her injuries by reason of her participation in the intoxication of the person who caused them. Defendants further urge that participation in drinking is not dependent upon the amount of drinking indulged in by the plaintiff but the fact of drinking, itself, so long as the participation is voluntary and admitted.

The common law did not impose a legal liability on the seller of intoxicating liquor for damages resulting from intoxication. The right to maintain an action against the seller of intoxicating liquor for injuries resulting from intoxication is purely statutory. C. A. Hyba v. Horneman, Inc., 302 Ill App 143, 23 NE 2d 564 and James v. Wicker, 309 Ill App 397, 33 NE2d 169.

The law is established beyond controversy that a person cannot recover under section 14 of the Dramshop Act for injuries sustained unless he himself is innocent. The injured party must be free from complicity. "It has been repeatedly held that a plaintiff who participates in bringing about the intoxication of another may not recover under the Dramshop

88

Act . . . participation does not, in our opinion, necessarily mean that the plaintiff must supply the liquor." Meier v. Pocius, 17 Ill App2d 332, 150 NE2d 215. The defense of complicity in a dramshop action is an offspring of the ancient doctrine that a person should not and cannot profit from his own wrongful acts. Osinger v. Christian, 43 Ill App2d 480, 193 NE2d 872; Baker v. Hannan, 44 Ill App2d 157, 194 NE2d 563; Taylor v. Hughes, 17 Ill App2d 138, 149 NE2d 393.

The Appellate Court, Third District, in Phenicie v. Service Liquor Store, 23 Ill App2d 492, 163 NE2d 220, affirmed a summary judgment entered in favor of the defendant by the trial court and held that where a plaintiff participated in drinking with an intoxicated person to the extent of one and one-half glasses of beer out of a quart of beer, where the party inflicting the injury had purchased the beer, such participation by the plaintiff in drinking with the intoxicated person exonerated the liquor store operator from liability under the Dramshop Act. In its opinion, the court stated on Page 496 of 23 Ill App2d, and Pages 221–222 of 163 NE2d as follows:

> "In the case at bar, as in the Meier v. Pocius case, supra, the ultimate question to be decided was whether there was a triable issue of fact on the question of complicity, that is participation by plaintiff in Davis' drinking and subsequent intoxication. . . . Assuming that Davis was in fact intoxicated, a fact which plaintiff was required to establish, then participation by plaintiff in Davis' drinking exonerates the defendant from liability under the Dramshop Act."

Although some of the cases on this question appear to dwell on how much liquor the plaintiff has had to drink, it would appear that the extent of his willing participation in the drinking activities of the person

89

who becomes intoxicated is the real test and the injured person need not purchase any of the liquor consumed to be a willing party and guilty of complicity. James v. Wicker, supra.

■ ■ Plaintiff strongly contends that for her to be guilty of complicity as a matter of law that her participation in the drinking must be to a substantial and material degree. With this contention, we do not agree. We think the better rule and the real test is whether or not the injured party willingly and voluntarily participated in the drinking activity of the person who became intoxicated and inflicted the injury. Participation in drinking is not dependent upon the amount of drinking indulged in by the plaintiff but the fact of drinking itself, so long as the participation is voluntary and admitted.

There was no triable question of fact before the court as to plaintiff's complicity in Crawford's consumption of alcoholic liquor. Plaintiff testified that she did not want the first bottle of beer purchased at the direction of Crawford and so instructed the bartender. However, she voluntarily accepted and consumed the entire bottle. She then purchased a bottle of beer for herself. After that was consumed, she again accepted the second bottle of beer purchased by Crawford although she did not drink it and it was sitting in front of her ready for consumption at the time that she was shot.

Plaintiff had every reason to know or suspect her assailant's condition, having spent the night with him and having observed his conduct during the morning of her injury and immediately before it. She admits that intoxicating liquor, at least two bottles of beer were purchased by her assailant, one of which she consumed prior to the assault.

In view of the uncontradicted facts contained in the record before us, we conclude that plaintiff does not

qualify as an innocent party, but on the contrary was guilty of complicity which bars recovery under Count I of the complaint.

Judgment affirmed.

DOVE, P. J. and REYNOLDS, J., concur.