MARGARET PARSONS, Adm'r of the Estate of Edgar D. Parsons, Deceased, Plaintiff-Appellant, *v.* VETERANS OF FOREIGN WARS POST 6372 *et al.*, Defendants-Appellees.

Fifth District    No. 79-532

Opinion filed July 18, 1980.

Don Cary Collins, of Kaucher, Collins & Ligman, of Belleville, for appellant.

Del A. Goldenhersh, of Goldenhersh & Goldenhersh, of Belleville, for appellees.

Mme JUSTICE SPOMER delivered the opinion of the court:

Plaintiff seeks to recover for loss of means of support resulting from the death of her husband under the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135). The jury rendered a verdict for defendants, judgment was entered thereon, and plaintiff's post-trial motion was denied. Plaintiff appeals, contending that the trial court committed reversible error in allowing defendants' tendered Illinois Pattern Instruction, Civil, No. 150.17 (2d ed. 1971) (hereinafter IPI). The sole issue is whether this instruction accurately reflects the concept of "complicity," as defined by the supreme court in *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 372 N.E.2d 637.

The record reveals that on July 5, 1974, Edgar Parsons and his wife Margaret were riding about St. Clair County on a motorcycle, with Edgar driving. At about 3 p.m., the Parsons stopped at Veterans of Foreign Wars Post 6372 (defendant herein), when Edgar noticed a friend was there. The Parsonses sat at a table with the friend, Lloyd Goodfellow, and both

Edgar and Margaret ordered bottles of beer. For the next 1½ to two hours the three sat together, during which time Edgar drank six or seven 12-ounce beers. Margaret drank about the same amount and got all of the beer from the bar for Edgar and Goodfellow, who took turns paying. After about two hours, a number of other people joined the three.

By 5 p.m. Margaret could tell that Edgar was becoming intoxicated. She asked him to take the motorcycle home and return with the car, but he refused. At about 6 o'clock she asked him again, and again he refused. During the period from 5 to 7:30, Edgar drank eight or nine more beers, served by Margaret.

At about 7:30 Edgar, obviously drunk, decided to leave on the motorcycle. When he attempted to mount the cycle, it fell over twice, and Edgar was helped by two other patrons of the bar. They attempted to convince him to stay, but he drove off. Margaret testified that she knew at this point that Edgar "had no business" getting on the motorcycle.

A couple of miles from the VFW, some other motorcyclists saw Edgar in the ditch with his bike. They helped him up; but as he then passed them, he lost control of the motorcycle and fell. As a result of his injuries, he spent several months in a coma and died.

At the trial, Margaret Parsons sought to recover from the VFW for loss of means of support in consequence of the death of her husband, which resulted from his intoxication. The jury was given the following instruction on "complicity," which follows IPI Civil No. 150.17:[1]

> "If you find that the plaintiff did any of the following things then the plaintiff cannot recover damages in this case from Veterans of Foreign Wars Post 6372:
>
>> Willingly encouraged the drinking which caused the intoxication of Edgar Parsons.
>>
>> Voluntarily participated to a material and substantial extent in the drinking which led to the intoxication of Edgar Parsons. The law does not state what is participation to a material and substantial extent. This is for you to decide."

It is defendant's assertion that since *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 372 N.E.2d 637, IPI Civil No. 150.17 no longer accurately states the law. In *Nelson* the plaintiff and her girlfriend saw Theodore Araiza, an acquaintance, at a bar. The women accepted a beer from Araiza and then joined other friends at a table. Plaintiff noticed Araiza drinking at the bar and behaving boisterously. At 10 p.m. Araiza insisted on giving plaintiff and her girlfriend a ride to the home of friends. Plaintiff initially declined the ride, but then accepted to avoid a "hassle."

On the way to the friend's house, Araiza bought four six-packs of

---

[1] The first alternative in IPI Civil No. 150.17, which was not given in the instant case, is "willingly caused the intoxication of the intoxicated person."

beer. The three then spent several hours at the friend's house, where plaintiff had one or two cans of beer, and Araiza drank eight more beers. At 2 a.m., as plaintiff and her friend were leaving, Araiza insisted that the friend go out with him. She agreed if plaintiff would also accompany them. Plaintiff agreed, on condition that she drive the car. She then drove about 20 blocks to a restaurant, went inside to get food, and when she returned to the car, Araiza was seated in the driver's seat. He drove off with plaintiff in the back seat, and an accident occurred a few blocks away.

At the close of plaintiff's case at trial, the defendant tavern owners moved for a directed verdict based on the affirmative defense of complicity. The circuit court directed a verdict for defendants, the appellate court reversed and remanded for a new trial, and the supreme court affirmed the appellate court.

The supreme court noted that the Dramshop Act imposes no-fault liability and that complicity, which interdicts recovery under the Act, is of judicial origin. (*Nelson*, 69 Ill. 2d 534, 536, 372 N.E.2d 637, 638.) Complicity is based "on the premise that one who is guilty of complicity in the inebriate's intoxication should not be allowed to succeed." (*Nelson*, 69 Ill. 2d 534, 538, 372 N.E.2d 637, 638-39.) Since recovery under the Dramshop Act is not predicated on negligence, contributory neglience is not an issue. Complicity does not relate to the plaintiff's role in causing his own injury or loss, but only to the plaintiff's role in causing the inebriate's intoxication (*Nelson*, 69 Ill. 2d 534, 538, 372 N.E.2d 637, 639); and because of the confusion of many courts in applying this doctrine, a mass of inconsistent cases has been generated. Complicity cannot be based upon a variant of the inapplicable contributory negligence concept, nor upon an "assumption of risk" theory, nor upon a theory that plaintiff contributed to his injury by provoking the inebriate to attack him. (*Nelson*, 69 Ill. 2d 534, 543, 372 N.E.2d 637, 640-41.) The only relevant issue is whether the plaintiff contributed to the inebriate's intoxication.

The court then stated the following rule of complicity: "only one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery." (*Nelson*, 69 Ill. 2d 534, 543, 372 N.E.2d 637, 641.) Where the evidence is insufficient to establish complicity as a matter of law, the issue is one of fact for the jury. (69 Ill. 2d 534, 543, 372 N.E.2d 637, 641.) The *Nelson* court concluded that, since the plaintiff's role in contributing to Araiza's intoxication was a controverted issue, especially since plaintiff may have been an unwilling companion of Araiza, the trial court could not enter a directed verdict based on complicity, and the issue was one for the jury.

Supreme Court Rule 239(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 239(a)) provides that whenever Illinois Pattern Jury Instructions contain

an instruction applicable in a civil case, and the jury should be instructed on the subject, the pattern instruction shall be used, unless the court determines that it does not accurately state the law. The plaintiff contends that IPI Civil No. 150.17 does not contain an accurate statement of the law of complicity in view of the holding in *Nelson*, and therefore the trial court erred in allowing it. We disagree.

■■ We do not believe that *Nelson* is inconsistent with this instruction. The instruction raises complicity where the plaintiff either caused the intoxication, encouraged the drinking which caused the intoxication, or participated to a material and substantial extent in the drinking which led to the intoxication of the inebriate. One may reasonably conclude that a plaintiff who does any of these acts has "contributed to or procured" the inebriate's intoxication.

The *Nelson* opinion does not redefine the doctrine of complicity, but reasserts the forgotten premise of the doctrine—"that recovery should be denied a plaintiff responsible for the inebriate's intoxication * * *." (69 Ill. 2d 534, 541, 372 N.E.2d 637, 640.) IPI Civil No. 150.17 reflects this premise. First of all, the doctrine relies upon an active contribution to or procurement of the inebriate's intoxication. The plaintiff contends that complicity should apply only to plaintiffs who furnished the liquors or a part thereof that caused the inebriate's intoxication. Although plaintiff did not tender it, she argues that a complicity instruction proposed by David Alswang, author of chapter 3 of *Pleadings in Dram Shop Cases* in the recent edition of the Illinois Dram Shop Act Practice Book published by The Illinois Institute for Continuing Legal Education, would have been proper, rather than IPI Civil No. 150.17. The statute provides that no party may raise on appeal the failure to give an instruction unless he shall have tendered it (Ill. Rev. Stat. 1977, ch. 110A, par. 366(b)(2)(i)), and we could consider this issue waived (*People v. Damen* (1963), 28 Ill. 2d 464, 469, 193 N.E.2d 25). However, we choose to consider the merits of plaintiff's argument. This proposed instruction defines complicity as "willingly causing the intoxication of the intoxicant by furnishing him the liquor or a part thereof that caused his intoxication." However, *Nelson* makes no requirement that the plaintiff physically provide liquor for the inebriate; it requires only that he contribute to the inebriate's intoxication. Thus, one who provides liquor which does not significantly contribute to intoxication may not be attributed with complicity, whereas one who has encouraged drinking or provided significant companionship in drinking which causes intoxication, may be, regardless of whether that person has actually supplied the liquor. Similarly, the fact that *Nelson* uses both the terms "contributes to" and "procures" also indicates that a plaintiff may subject himself to complicity in ways other than the mere procurement of liquor for the inebriate. We note also that in four of the six cases cited by

the supreme court in support of its complicity rule, plaintiff did not buy any liquor for the intoxicated person (*Ness v. Bilbob Inn, Inc.* (1957), 15 Ill. App. 2d 340, 146 N.E.2d 234; *Taylor v. Hughes* (1958), 17 Ill. App. 2d 138, 149 N.E.2d 393; *Burnley v. Moore* (1963), 41 Ill. App. 2d 156, 190 N.E.2d 144; *Baker v. Hannan* (1963), 44 Ill. App. 2d 157, 194 N.E.2d 563), and in two of them plaintiff did no drinking with him (*Taylor; Burnley*). ■■ Furthermore, these cases indicate that if plaintiff materially participates in and encourages the injuring person's drinking leading to his intoxication, such may still constitute complicity under the *Nelson* rule. In a review of these cases, the factual distinctions between *Nelson* and the case at bar must be kept in mind. In the former, plaintiff did not buy any drinks for Araiza and was to a great extent an unwilling participant in his drinking activities. Although she accepted two or three drinks from him during the course of several hours, she did not sit in the bar and drink with him at any time; she accepted a ride with him to avoid a "hassle." In the present case, plaintiff—although she did not pay for the drinks—went up to the bar and got the beer which she then served to her husband and his companion. She testified that she brought her husband every beer that he drank that day in the VFW, and that she sat at the same table drinking with him. Both she and her husband became intoxicated, and she was fully aware of his intoxication.

The first of the "better-reasoned" decisions cited by Justice Dooley is *Hays v. Waite* (1890), 36 Ill. App. 397, in which plaintiff purchased drinks for, and drank with, the alleged intoxicated person during the entire evening. In reversing the jury verdict for the plaintiff, the appellate court found complicity as a matter of law, stating at page 399:

> "A party complaining of the wrongful act of a saloonkeeper in causing the intoxication of another, from which damage or injury results to him, must not be an active and willing agent with the saloonkeeper, assisting in causing such intoxication."

In *Douglas v. Athens Market Corp.* (1943), 320 Ill. App. 40, 49 N.E.2d 834, the plaintiff also drank with the intoxicated person and each bought drinks for the other. Likewise, in that case, the appellate court reversed the jury's verdict for the plaintiff and found complicity as a matter of law, because plaintiff was "an active participant in causing his assailant's intoxication." Both *Hays* and *Douglas*—where plaintiff bought drinks for and drank with the intoxicated person—are instances of "actively contributes" under *Nelson* and also the first alternative of IPI Civil No. 150.17, "willingly caused." Each bars recovery to a plaintiff who has purchased liquor for the intoxicated person.

In *Ness* plaintiff drank with the inebriate, but did not purchase any drinks for him. The trial court had granted defendants' motion for summary judgment; however, plaintiff's affidavit in response to

defendants' motion for summary judgment asserted that he had tried to stop the inebriate from drinking, but could not because he had no money and needed the ride. The court reversed and remanded, stating that this raised a question of fact for the jury because under those circumstances a jury could find that plaintiff was an innocent person who had not procured the intoxication of the driver and could recover. The *Ness* case is important because the court there referred to plaintiff as an "active participant" in relation to the causing of the intoxication, but held that complicity was a question of fact for the jury where plaintiff had purchased no drinks, and had at times suggested that the intoxicated person stop his drinking, thus raising the question whether the plaintiff "procured the intoxication of the driver of the car * * *." Under *Ness* there can be complicity without plaintiff's purchasing any drinks for the intoxicated person, and it is a question of fact for the jury where plaintiff had purchased no drinks and had asked the intoxicated person to stop drinking.

In *Taylor*, plaintiff received a knife wound from the alleged intoxicated person, and there was no evidence that plaintiff drank with his assailant, nor gave nor purchased any drinks for him, although there was some evidence that plaintiff may have provoked his injury. A new trial was granted because the court had erroneously instructed that plaintiff must be free from contributory negligence in order to recover. The court did, however, discuss complicity, stating that "there must be no active and willing contribution to the procurement of the intoxication" of the injuring party, and that such is a question of fact for the jury (17 Ill. App. 2d 138, 148, 149 N.E.2d 393, 396). The *Nelson* court uses much the same language. However, this case differs significantly from the case at bar because there the plaintiff did not drink with the intoxicated person. Mrs. Parsons and her husband drank together and both became intoxicated.

In *Burnley* the plaintiff was a barmaid who served the intoxicated person at defendant's tavern. She paid for no drinks served to—nor drank with—the inebriate, who stabbed her without provocation after she had finished her work for the evening. The court held that she "was an active and willing agent in bringing about the intoxication of her assailant" as a matter of law. The facts considered material by the *Burnley* court were that plaintiff served drinks to her assailant, that she observed his drinking, and that she observed his intoxication. An even stronger case of complicity is indicated in the case at bar, where Mrs. Parsons brought to Edgar Parsons every drink which he consumed in the VFW on the day in question; she observed his drinking and, in fact, drank with him; she knew he became intoxicated, as did she. We think *Burnley* is comparable to the case at bar; Mrs. Parsons was not an "innocent suitor," but actively contributed to her husband's intoxication or, as stated in the instruction,

she "willingly encouraged the intoxication." Plaintiff's argument that *Burnley* is distinguishable because in that case the plaintiff served the intoxicated person for seven hours, compared to four hours in the present case, is without substance.

In *Baker* the plaintiffs were twice in the presence of the intoxicated person, Roland Isslehardt, in two taverns. In each tavern Isslehardt bought beer for them. There was no evidence that the plaintiffs purchased any drinks for Isslehardt. After leaving the tavern, plaintiffs were injured in an automobile accident, when their automobile collided with one driven by Isslehardt, who was then intoxicated. The court found complicity as a matter of law, granting defendants' motion for a directed verdict. The court said:

> "The question which was specifically raised on trial of this cause was whether plaintiffs who spent considerable time drinking in the company of the person who was alleged to be an intoxicated person under the Dram Shop Act and consumed intoxicating liquors which he purchased for them, should be allowed to recover from tavern keepers who sold them the intoxicating liquors.
>
> The Trial Court allowed a motion for directed verdict at the close of plaintiffs' case. The Courts of this State have clearly established that under the Illinois Dram Shop Act a person who participates *in procuring the intoxication* of the person who committed the act about which complaint is made, cannot recover under the Act [Citations.]" (Emphasis added.) *Baker v. Hannan* (1963), 44 Ill. App. 2d 157, 159, 194 N.E.2d 563, 564.

Both this case and *Ness* support the proposition that a plaintiff may be guilty of complicity simply by drinking with the intoxicated person and need not furnish any of the liquor. The third alternative in IPI Civil No. 150.17, voluntary participation to a material extent in the drinking, does not require that plaintiff furnish the liquor.

Accordingly, the judgment of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

JONES, P. J., and KARNS, J., concur.