B. HILLARIE STERENBERG, Plaintiff-Appellant, v. SIR LOIN, INC., Defendant-Appellee.

First District (1st Division)   No. 1—87—3724

Opinion filed May 15, 1989.

632

John D. Brennan, of Chicago, for appellant.

Heineke, Burke, Healy & Bodach, of Chicago (James K. Joyce, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

The plaintiff, B. Hillarie Sterenberg, appeals from an order of the circuit court granting the motion of the defendant, Sir Loin, Inc., for summary judgment. The plaintiff argues that because a question of material fact existed, the court erred in granting the defendant's motion.

The plaintiff filed suit against the defendant, Cosmopolitan National Bank, and Greg McNally alleging that on September 14, 1985, while she and McNally were patrons in the defendant restaurant, the agents and employees of the defendant served alcohol to McNally, who became intoxicated and fell on the plaintiff, causing her to fall and break her wrist.

At her deposition hearing, the plaintiff testified that on September 14, around 7 p.m. she went to McNally's apartment for a blind date. The plaintiff testified that she did not have anything to drink before leaving the apartment, but that McNally had one or two glasses of champagne. At 8 p.m. the plaintiff and McNally arrived at a comedy club where McNally had four mixed drinks and the plaintiff had two glasses of wine. The plaintiff and McNally left the club about 9 p.m. and walked to the defendant restaurant for dinner. Before dinner, the plaintiff and McNally went to the restaurant's bar, where McNally had one drink and the plaintiff had a glass of wine. The plaintiff and McNally drank two bottles of wine during dinner and McNally also had some mixed drinks. After dinner, McNally and the plaintiff returned to the bar, where the plaintiff continued to drink wine and McNally continued to drink mixed drinks. The plaintiff testified that around 2 a.m., McNally lost his balance while leaning against her chair, causing the plaintiff and her chair to fall to the floor. McNally fell on top of the plaintiff, landing on her wrist. The plaintiff also testified that she believed McNally was intoxicated at the time of the accident and that he first showed signs of intoxication during dinner.

Subsequently, the defendant filed a motion for summary judgment alleging that the plaintiff was barred from recovering because of her complicity in causing McNally's intoxication. The trial court granted the defendant's motion and the plaintiff appeals.

■ Section 6—21 of the Dramshop Act (Ill. Rev. Stat. 1985, ch. 43, par. 135) provides that every person who is injured by an inebriate

has a right of action against any person licensed to sell liquor who by selling or giving liquor causes the intoxication of the inebriate. A judicially created exception to liability under the Act exists where the plaintiff is guilty of complicity in causing the inebriate's intoxication. *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 372 N.E.2d 637.

■■■ Under the doctrine of complicity, one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery under the Dramshop Act. (*Nelson v. Araiza*, 69 Ill. 2d 534, 372 N.E.2d 637; *Parsons v. VFW Post 6372* (1980), 86 Ill. App. 3d 515, 408 N.E.2d 68.) One contributes to or procures an inebriate's intoxication by causing or encouraging the drinking which caused the intoxication or by willingly participating to a material and substantial extent in the drinking which led to the inebriate's intoxication. (*Parsons v. VFW*, 86 Ill. App. 3d 515, 408 N.E.2d 68.) A plaintiff's willing participation is not measured by the amount of drinking in which she indulged, but by whether she voluntarily joined in the drinking activities of the person who became intoxicated and inflicted the injury. (*Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84, 200 N.E.2d 745.) Willing participation also does not require that the plaintiff supply or purchase the liquor consumed. (*Parsons v. VFW*, 86 Ill. App. 3d 515, 408 N.E.2d 68; *Holcomb v. Hornback*, 51 Ill. App. 3d 84, 200 N.E.2d 745; *Phenicie v. Service Liquor Store, Inc.* (1960), 23 Ill. App. 2d 492, 163 N.E.2d 220.) A plaintiff can willingly participate by encouraging or providing significant companionship in the drinking that caused the intoxication. (*Parsons v. VFW*, 86 Ill. App. 3d 515, 408 N.E.2d 68.) Thus, if a plaintiff embarked with another on a tour of taverns and joined in the drinking of liquor, she cannot recover under the Dramshop Act for injuries caused by the alleged intoxication of her companion. *Baker v. Hannan* (1963), 44 Ill. App. 2d 157, 194 N.E.2d 563; *Phenicie v. Service Liquor Store*, 23 Ill. App. 2d 492, 163 N.E.2d 220.

■■■ In *Nelson*, the supreme court noted that in many cases the question of a plaintiff's complicity will be an issue of fact, while in other cases the question of whether there is sufficient evidence to support application of the doctrine will be for judicial determination. (*Nelson*, 69 Ill. App. 2d at 543.) Whether a plaintiff's role in contributing to the inebriate's intoxication is controverted, *i.e.*, where there is a dispute as to whether the plaintiff voluntarily participated in the drinking or as to whether such participation was material, the question of the plaintiff's complicity is one of fact and should be submitted to the jury. (*Parsons v. VFW*, 86 Ill. App. 3d 515, 408 N.E.2d 68; *Tezak v. Cooper* (1960), 24 Ill. App. 2d 356, 164 N.E.2d 493.) Where the facts establishing the plaintiff's participation are admitted, no ques-

tion of fact exists and summary judgment is proper. (*Phenicie v. Service Liquor Store*, 23 Ill. App. 2d 492, 163 N.E.2d 220.) Statements made by a plaintiff in a pretrial deposition which demonstrate that she participated in the drinking that caused the inebriate's intoxication can be used as an admission of complicity. See *Holcomb v. Hornback*, 51 Ill. App. 2d 84, 200 N.E.2d 745; *Liff v. Haezbroeck* (1964), 51 Ill. App. 2d 70, 200 N.E.2d 525; *Phenicie v. Service Liquor Store*, 23 Ill. App. 2d 492, 163 N.E.2d 220; *Meier v. Pocius* (1958), 17 Ill. App. 2d 332, 150 N.E.2d 215.

In *Holcomb*, the appellate court found that because the plaintiff stated in her deposition that she voluntarily accepted and consumed liquor purchased by the inebriate, there was no question of fact as to her complicity and, therefore the trial court properly granted the defendant's motion for summary judgment. (*Holcomb*, 51 Ill. App. 2d at 90.) In *Liff*, where the plaintiff admitted in his deposition that he drank a bottle of beer purchased for him by the inebriate, the appellate court held that summary judgment was proper because of the plaintiff's participation in the inebriate's drinking. (*Liff*, 51 Ill. App. 2d at 73.) The appellate court also found complicity in *Phenicie*, where the plaintiff admitted in his discovery deposition that he shared a one-quart bottle of beer with the inebriate. (*Phenicie*, 23 Ill. App. 2d at 496.) Finally, in *Meier*, the plaintiff filed an action against two tavern owners for injuries he suffered when his brother drove his car into a ditch. In his pretrial deposition the plaintiff admitted that on the date in question he and his brother went to two taverns where they consumed alcoholic beverages. The appellate court held that in light of the plaintiff's admissions, there was no triable question of fact as to his complicity in his brother's consumption of liquor and that, therefore, the trial court properly entered summary judgment for the defendants. *Meier*, 17 Ill. App. 2d at 335.

■ We find that the trial court in the present case also acted properly in entering summary judgment for the defendant. The plaintiff admitted in her deposition that after watching McNally consume one or two glasses of champagne in his apartment, she accompanied him to a comedy club where he had four drinks and she had two glasses of wine. She then accompanied McNally to the defendant restaurant where, before dinner, McNally consumed one mixed drink and she had one glass of wine. During dinner McNally had several mixed drinks and he and the plaintiff shared two bottles of wine. After dinner the plaintiff and McNally returned to the bar, where McNally continued to have mixed drinks and the plaintiff continued to drink wine. The plaintiff also admitted that McNally first appeared to be intoxi-

cated sometime during dinner.

In her response to the defendant's motion for summary judgment, the plaintiff did not dispute the above facts and no affidavits were filed indicating that the plaintiff's participation was not voluntary or willing. Where the evidence is not disputed and all reasonable persons would conclude that the plaintiff voluntarily participated in the drinking to a material and substantial degree, then such participation bars recovery as a matter of law. *Tezak v. Cooper*, 24 Ill. App. 2d 356, 164 N.E.2d 493.

We believe that the statements in the plaintiff's deposition establish that she willingly participated in McNally's intoxication by joining in his drinking activities and by providing him with significant companionship. We also believe that all reasonable persons would conclude from her statement that the plaintiff's participation was material and substantial. Accordingly we find that, as a result of the admissions made in the plaintiff's deposition, no question of fact existed concerning her complicity and that, as a matter of law, she was barred from recovery under the Dramshop Act.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.