CARMEN C. DAVIS *et al.*, Plaintiffs-Appellees, v. SSS DEVELOPMENT, INC., d/b/a Jiffi Convenience Food Stores, Defendant-Appellant.

Fourth District   Nos. 4—90—0685, 4—90—0728 cons.

Opinion filed May 16, 1991.

William H. Hoagland and C. Raymond Bell, both of Hoagland, Fitzgerald, Smith & Pranaitis, of Alton, for SSS Development, Inc.

Donald G. Adams, of Quincy, for Carmen C. Davis and Christopher Davis.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Carmen C. Davis filed a two-count dramshop action against defendant SSS Development, Inc., d/b/a Jiffi Convenience Food Stores. In count I, plaintiff sought to recover for injuries he suffered due to the intoxication of Melody Dominguez. In count II, plaintiff brought a claim on behalf of his son, Christopher Ryan Davis, for loss of support pursuant to section 6—21(a) of the Dramshop Act (Act) (Ill. Rev. Stat. 1987, ch. 43, par. 135(a)). Defendant filed motions for summary judgment as to both counts. The trial court granted the motion as to count I but denied summary judgment on count II. Plaintiff's appeal of the order entered on count I (No. 4—90—0728) and defendant's interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) regarding count II (No. 4—90—0685) were consolidated in this court. Plaintiff argues summary judgment on count I was improper because the evidence did not establish his complicity as a matter of law. Defendant certifies the following issue for our consideration: whether the claims of those persons alleging loss to means of support under section 6—21 of the Act are barred by the complicity of the person who provided the means of support in question and who was injured as a result of the alleged intoxication. We affirm the order entered on count I (No. 4—90—0728), and reverse the order entered on count II (No. 4—90—0685).

The facts are undisputed. Plaintiff testified in his deposition that he and Dominguez met at approximately 6 p.m. on November 6, 1986, at the trailer belonging to Daisey Inman in Pearl, Illinois. While at the trailer, plaintiff opened a bottle of whiskey which belonged to another person, Ron Kamp, and began with Dominguez to drink "shots" directly from the bottle. Plaintiff and Dominguez passed the bottle between each other. After several shots of whiskey, plaintiff accompanied Dominguez on a walk to defendant's convenience store. Plaintiff

stated he had no money but Dominguez had $5. Plaintiff told Dominguez to buy a six-pack of beer and a bottle of grain alcohol from defendant's store. Plaintiff waited outside the store. Plaintiff testified he intended to give the grain alcohol to Ron Kamp to repay him because he and Dominguez drank some of his whiskey. Plaintiff stated he intended to drink the beer with Dominguez.

After buying the beer and alcohol, plaintiff and Dominguez walked back to Inman's trailer, picked up the whiskey, and began walking toward plaintiff's trailer to drink the beer and "party." On the way, plaintiff and Dominguez encountered Kamp, two other girls, and two friends, Walter Lavelle and Bobby Shanks. Plaintiff and Dominguez accompanied them to the parking lot of a local grade school and immediately began drinking. Plaintiff recalled drinking five to six cans of beer provided by the group in addition to a portion of the beer he purchased with Dominguez from defendant's store. At this point, everyone except plaintiff, Shanks, and possibly Dominguez was intoxicated. Plaintiff recalled some members of the group smoked marijuana while at the parking lot but plaintiff was not sure if Dominguez did.

The group then left the parking lot and went to plaintiff's trailer, where the remaining beers were brought inside. Dominguez left the trailer with Shanks to buy more beer and wine. While Dominguez and Shanks were gone, the persons in the trailer, including plaintiff, drank the remaining beer and the grain alcohol. Dominguez and Shanks returned to plaintiff's trailer with two bottles of wine and a couple of six-packs of beer. Plaintiff did not know who provided the money to buy the additional liquor but stated he had no objection to the group continuing to drink. Plaintiff continued to drink beer while Dominguez drank wine. At 9:30 p.m., Lavelle and some of his friends left plaintiff's trailer. Plaintiff then got into an argument with Shanks. By this time, everyone was intoxicated.

Dominguez and Shanks left plaintiff's trailer to purchase more beer and wine. Plaintiff did not know where the money came from to buy this liquor. Plaintiff shared the latest liquor purchase with Dominguez and others. Because plaintiff had been warned by Kamp he may get shot, plaintiff barricaded the door to the room in his trailer "way after 10:00 o'clock" when he decided to go to sleep. Plaintiff was awakened early in the morning on November 7, 1986, by Dominguez, who was holding a gun in her hand and threatening to shoot him. After arguing with plaintiff for a short time, Dominguez shot plaintiff in the chest. Plaintiff's legs are paralyzed.

The basis for defendant's motion for summary judgment was that plaintiff was guilty of complicity as a matter of law. The trial court found plaintiff's complicity barred any recovery for plaintiff's personal injuries but did not bar an action for support under the Act.

■■ ■ Section 6—21 of the Act (Ill. Rev. Stat. 1987, ch. 43, par. 135(a)) allows individuals injured by intoxicated persons to recover from those who sold alcoholic liquor to the intoxicated person. However, a plaintiff cannot recover under the Act unless he is free from complicity. (*Almanza v. Austino* (1980), 83 Ill. App. 3d 354, 403 N.E.2d 1297.) The doctrine of complicity relies upon active contribution to or procurement of the inebriant's intoxication by plaintiff. (*Parsons v. Veterans of Foreign Wars Post 6372* (1980), 86 Ill. App. 3d 515, 408 N.E.2d 68.) The test to determine a plaintiff's complicity is whether the plaintiff actively contributed to or procured the intoxication of the inebriate. (*Nelson v. Araiza* (1978), 69 Ill. 2d 534, 372 N.E.2d 637.) If the test is met, the plaintiff's right to recovery under the Act is barred. (*Lewis v. Champaign County VFW Post No. 5520* (1989), 187 Ill. App. 3d 73, 543 N.E.2d 233; *Thompson v. Tranberg* (1977), 45 Ill. App. 3d 809, 360 N.E.2d 108.) As stated in *Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500:

> "[I]f what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered."

See also *Lewis*, 187 Ill. App. 3d at 76, 543 N.E.2d at 235, quoting *Tezak v. Cooper* (1960), 24 Ill. App. 2d 356, 362, 164 N.E.2d 493, 496.

■ Plaintiff argues the evidence did not establish his complicity as a matter of law and, therefore, summary judgment was improper. We disagree. The evidence established plaintiff initiated the drinking on November 6, 1986, by offering Dominguez shots of whiskey. Plaintiff then accompanied Dominguez to defendant's store and instructed her as to what liquor to purchase. Plaintiff consumed that liquor with Dominguez and continued drinking the beer the group obtained until "way after 10:00 o'clock." The fact that defendant did not actually purchase any liquor of his own with his own money is of no consequence in this case where the evidence overwhelmingly establishes plaintiff's voluntary participation in the drinking activities. (*Meier v. Pocius* (1958), 17 Ill. App. 2d 332, 150 N.E.2d 215; *Parsons*, 86 Ill. App. 3d at 521, 408 N.E.2d at 74.) We conclude summary judgment was properly entered on count I.

As to the issue certified under Rule 308, defendant first argues the loss of support action under section 6—21(a) of the Act is a derivative action, dependent on plaintiff's recovery against defendant for his personal injuries. Since plaintiff's complicity bars his right of recovery, the loss of support action is also barred. In support of its argument, defendant relies on the reasoning of those cases which determined a loss of consortium claim and a wrongful death action are derivative.

Defendant also asserts that since the defense of complicity has been recognized by the supreme court as evolving from the doctrine that one cannot profit from his own wrong (*Nelson*, 69 Ill. 2d at 539, 372 N.E.2d at 639), it logically follows that the loss of support action cannot be maintained because it would allow a plaintiff to profit from his wrongdoing by ordering a defendant dramshop to pay support for a plaintiff's child. Further, defendant directs our attention to the 1985 amendment to the Act which bars causes of action for loss of support brought by intoxicated persons. According to defendant, this amendment evidences the legislature's intent that no person shall profit under the Act from his own wrongdoing. Thus, plaintiff's action in this case should be barred.

Plaintiff contends the complicity defense bars only those persons who actively contribute to or procure the intoxication of the inebriate and since Christopher is not one of those persons, his claim is not barred.

■ The purpose of the Act is to control abuses in the liquor trade and protect the public by placing the responsibility for injuries caused by intoxication on those who profit therefrom. (Ill. Rev. Stat. 1987, ch. 43, par. 94; *Geocaris v. Bangs* (1968), 91 Ill. App. 2d 81, 234 N.E.2d 17; *Tresch v. Nielsen* (1965), 57 Ill. App. 2d 469, 207 N.E.2d 109.) The complicity defense was judicially created and is an outgrowth of the "innocent suitor" concept (*Nelson*, 69 Ill. 2d at 538, 372 N.E.2d at 638), which holds that one who is an active and willing agent in procuring the intoxication of his assailant cannot recover under the Act. (*Burnley v. Moore* (1963), 41 Ill. App. 2d 156, 190 N.E.2d 141.) Both precepts hold that recovery by a plaintiff found complicit would undermine the purpose of the Act. *Nelson*, 69 Ill. 2d at 538-39, 372 N.E.2d at 638-39, citing *Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 485, 193 N.E.2d 872, 875.

■ Section 6—21(a) of the Act directs that rights of action for loss of support, like actions for personal injuries under the Act, are brought in the name of the injured person, the support provider, and may not be brought by those losing their means of support. (Ill. Rev.

Stat. 1987, ch. 43, par. 135(a).) Because the complicity defense is a complete bar to a plaintiff's right to recover for injuries to his person or property, we conclude the defense likewise bars a loss of support claim. (See *Reeves v. Brno, Inc.* (1985), 138 Ill. App. 3d 861, 486 N.E.2d 405 (claim for personal injuries and loss of support barred by complicity of plaintiff); *Parsons*, 86 Ill. App. 3d 515, 408 N.E.2d 68 (claim for loss of support barred by complicity of deceased spouse).) To hold otherwise would thwart the purposes of the Act and undermine the legal axiom underlying the complicity defense, that one cannot profit from his own wrongdoing. Relieving plaintiff of his support obligation to Christopher by holding defendant liable on this claim is tantamount to granting plaintiff benefits from his wrongful acts. We have considered plaintiff's contention that Christopher is an innocent party in this matter but conclude that it is the plaintiff's conduct this court must look at when considering an action pursuant to the Act.

For the foregoing reasons, we affirm the order for summary judgment entered on count I and determine claims for loss of support under the Act are barred by the complicity of the support provider and party injured as a result of the intoxication of a third party. Thus, the order denying defendant's motion for summary judgment on count II is reversed.

No. 4—90—0728, Affirmed.
No. 4—90—0685, Reversed.

GREEN and STEIGMANN, JJ., concur.