Vernon Ness, Appellant, v. Bilbob Inn, Inc., Myron Smyres, d/b/a Hideout Tavern, Trevor H. Thomas, d/b/a The Gay Dragon, Peter Bell, Pasquale Stella, d/b/a Dream Lounge, Tarquin Somonelli, Caffarello's Restaurant & Cocktail Lounge, Inc., Michael A. Caffarello, Inez Onesti and Joseph Innocinzi, Appellees.

**Gen. No. 47,185.**

First District, Third Division.

November 6, 1957.

Rehearing denied December 4, 1957.

Released for publication December 18, 1957.

Chino & Schultz, for appellant.

McKinley and Price, Robert L. Brody and George J. Gore, Morris, Liss, Arnold and Hennessy, Heineke, Conklin and Schrader, all of Chicago (Charles D. Snewind, of counsel) for defendant-appellees.

JUDGE BRYANT delivered the opinion of the court.

This is an action brought under the Dramshop Act (Ill. Rev. Stats. 1955, chap. 43, par. 135) by the plaintiff, Vernon Ness, against the named defendants, all of whom were either operators or owners of the real estate of certain taverns and drinking places where, it is alleged, on May 11, 1954 intoxicating liquor was served to one Allen W. Roberts, Jr., and, as a result of the intoxication caused by such service, Allen W. Roberts, Jr. operated his automobile, in which plaintiff was riding, in a manner which caused the plaintiff's injuries.

A discovery deposition was taken, either by notice or by agreement, at which the plaintiff was made available to the attorneys for the various defendants and he was interrogated by them. By that deposition it was established that the plaintiff was a staff sergeant

341

in the United States Army and that Allen W. Roberts, Jr. was a master sergeant in the United States Army; that they had known each other for about two weeks, and upon one other occasion the plaintiff had been in the automobile belonging to Allen W. Roberts, Jr. Upon the day in question, May 11, 1954, the two sergeants, together with a private by the name of Hall, left the post between 11 o'clock and noon. Private Hall was under orders and was leaving from the Midway Airport later that afternoon, and the two sergeants had tickets to a ball game which they contemplated using.

The testimony in the deposition of the plaintiff also showed that the three first stopped at Bilbob Inn at Highwood. They had something to drink there. Then the three of them went to the Hideout and had something to drink there. They then went to the Gay Dragon, where Hall, the private, suggested that they stop. Again they had something to drink. From the Gay Dragon they went to the Dream Bar and at the Dream Bar they had something to drink, and again, at Caffarello's, they had something to drink, and, as Caffarello's was close to the Midway Airport, Private Hall told them good-by. It was night by this time, The cars had lights on.

The two sergeants started back in a northerly direction—Allen W. Roberts, Jr. driving the car which he owned and the plaintiff accompanying him, and then Allen W. Roberts, Jr. lost control of the car, drove it into an abutment and the plaintiff was seriously injured.

It was also developed by the deposition that the plaintiff never bought any drinks; that he was broke, told both Private Hall and Sergeant Roberts that he was broke, and that he drank drink for drink and round for round with them wherever they went.

It developed that during the taking of the deposition the attorney for one of the defendants asked the plain-

342

tiff the following question: "When was the last time you were drunk before?" The plaintiff's attorney objected and directed the plaintiff not to answer. The deposition hearing developed into arguments between counsel. Plaintiff's attorney was willing that the question be certified. One of the defendants' attorneys then said that he was willing to suspend the deposition at that moment, until they had a ruling by the court. Plaintiff's attorney maintained throughout the altercation that they were ready to answer questions if they were pertinent to the inquiry. Thereupon all of the defendants' attorneys joined in the objections to the conduct of the plaintiff in refusing to answer the question and left the deposition hearing. The deposition was never submitted to the deponent for examination, nor was the submission waived; it was not signed by the deponent; it was not certified to by the officer taking the examination—all in accordance with the provisions of Supreme Court Rule 19—6, sub-pars. 4 and 5 (Ill. Rev. Stats. 1955, chap. 110, par. 101.19—6).

At the time of filing the complaint a jury was demanded by the plaintiff. On October 22, 1956, after the taking of the deposition last above referred to, defendants filed a notice of motion for a summary judgment, and to support the motion for summary judgment the defendants filed an affidavit of Louis Dennen, who was the attorney for one of the defendants who attended the deposition hearing, in which he outlined the nature of the suit, the taking of the deposition, in general the drinking of the parties as testified to by the plaintiff in his deposition, and alleged, among other things in paragraph 5, "that at no time did the plaintiff make any objection to the drinking of the parties but actively participated in said drinking of intoxicating liquors," and quoted page 29 of the transcript as authority for that statement. The transcript was attached to the motion. The question propounded on page 29 of the transcript is as follows:

343

"Did you at any time, from the time that you left the airport until you were involved in this accident, have occasion to talk to him about his driving?" Answer: "I might have. You're pretty high when you—" Question: "The question is, Did you? Do you remember whether you did, or not?" Answer: "I don't remember." Thereafter the plaintiff by his attorney moved to strike the affidavit of Louis Dennen, citing that the affidavit did not purport to be on the personal knowledge of the affiant, contrary to Rule 15 of the Supreme Court; secondly, that no copy of any deposition for discovery referred to in said affidavit had been served on the plaintiff or his attorney, contrary to Supreme Court Rule 5 and Circuit Court Rule 9½, and, that the discovery deposition could not be used as a basis for a motion for a summary judgment under Rule 19—10 of the Supreme Court.

The plaintiff through his attorney had also filed a counteraffidavit in opposition to the motion of the defendants for summary judgment. In that counteraffidavit the plaintiff alleged certain insufficiencies in the taking of the deposition which was attached to the motion for summary judgment, pointing out in paragraph 7 that the plaintiff was not interrogated by his own counsel and there was no opportunity to clarify any answers that may have been given by him in the deposition, and alleging in paragraph 9 that if the plaintiff had been asked certain questions, plaintiff would have testified that at various times during the day in question plaintiff suggested to Allen W. Roberts, Jr. that he modify or cease imbibing intoxicating liquors, but was advised that it was not the plaintiff's business; that the plaintiff repeatedly requested of Allen W. Roberts, Jr. that they proceed with the original purpose of their being together—to go to the baseball game after leaving Private Hall at the airport, and that the plaintiff was without funds

344

■

for transportation back to Fort Sheridan and that
that mitigated against his freedom of action in leaving
the vehicle owned and operated by Allen W. Roberts,
Jr. Upon the consideration of the matter by the court
on November 5, 1956, the motion of the plaintiff to
strike the affidavit of Louis Dennen was overruled
and leave was granted to the plaintiff to file his coun-
teraffidavit, and upon consideration of the counter-
affidavit and the affidavit in support of the motion
for a summary judgment, such a judgment was en-
tered in favor of the defendants.

■ It has been repeatedly held that in order to
recover under section 14 of the Dramshop Act (Ill.
Rev. Stats. 1955, chap. 43, par. 135) for injuries, the
plaintiff must be innocent. The rule is generally stated
that the plaintiff who participates in bringing about
the intoxication of he who causes the injury, cannot
recover. The facts in all the cases differ. In the early
case of Reget v. Bell, 77 Ill. 593, it was held that a wife
could not recover because she did not break the jug
of whiskey which her husband brought home and put
underneath the bed. In Forsberg v. Around Town
Club, Inc., 316 Ill. App. 661, a drink had been pur-
chased by the plaintiff. In Douglas v. Athens Market
Corp., 320 Ill. App. 40, all of them had bought drinks
for each other. In Swan v. Dilonardo, 5 Ill.App.2d
233, plaintiff had purchased two drinks. In Hays v.
Waite, 36 Ill. App. 397, the plaintiff bought a round of
drinks and in addition gave the party who caused the
injury a drink out of a bottle of whiskey. In Kreps v.
D'Agostine, 329 Ill. App. 190 (abst.), the plaintiff
furnished his companion with liquor which contributed
to his intoxication and it was held that the complaint
did not state a good cause of action. And in Adkins v.
Williams, 330 Ill. App. 427 (abst.), the court discussed
the fact that, not being a common-law action, the doc-
trine of contributory negligence was not applicable,

345

but said that the plaintiff in order to recover "must be free from complicity in procuring the intoxication."

There is, however, only one case in Illinois which has held that complicity has resulted from merely accompanying and drinking with the person who committed the injury. James v. Wicker, 309 Ill. App. 397. That was a case involving two young men in Chicago who took two young ladies, who were known as masseuses, out to a west side tavern and they drank together all evening, and when they left, one of the men drove the car into an iron post at a street intersection and injured one of the women and she brought suit against the tavern keeper where they had been drinking. The court very carefully analyzed all the Illinois cases and some of the Michigan cases. Nearly all of them say that a plaintiff who participates in procuring the intoxication of the party who commits the injury cannot recover, and in that case the court held that the plaintiff, although she did not purchase any of the liquor, was a willing party, not free from complicity, but on the contrary was a participant in what was done in that regard at the tavern and not an innocent person, and that she could not recover under the statute.

■■ In the instant case the plaintiff did not participate in obtaining the liquor, because he was broke—not because he was a woman. That he participated in the drinking from between 11 and 12 in the morning until after dark on May 11, 1954, drinking round for round with the other members of the party, is not denied, but on the contrary was freely admitted under oath by the plaintiff in the deposition. It is evident that such statements are admissions and that under the rules of the Supreme Court admissions made in discovery depositions may be used in the trial of the case, and could be used in a motion for a summary judgment.

The affidavit made by Mr. Dennen was an affidavit that he had attended the taking of the deposition and that the plaintiff had made certain admissions at that hearing, and the making of the admissions were things of which Mr. Dennen had personal knowledge. It is evident that although the deposition was not formally correct, in that it had not been certified to by the taking officer, nor had it been signed by the maker of the deposition nor had a copy been furnished to the attorney for the plaintiff, still it shows that the plaintiff was sworn and made certain answers and it therefore either corroborates or contradicts the affidavit of Mr. Dennen.

There does, however, remain a situation where the transcript of the deposition does not corroborate Mr. Dennen in the statement in paragraph 5 of the affidavit in support of summary judgment "that at no time did the plaintiff make any objection to the drinking of the parties"; that and the counteraffidavit of plaintiff's counsel in regard to summary judgment wherein it was alleged that plaintiff would testify, if he had an opportunity, that at various times during the day in question the plaintiff suggested to Allen W. Roberts, Jr. that he modify or cease imbibing in intoxicating liquors but was advised it was not the plaintiff's business, and that he repeatedly requested Allen W. Roberts, Jr. that the original purpose of their being together be fulfilled, viz., to go to the baseball game after leaving Private Hall at the airport, does raise a question of fact which might be material in determining the question whether the plaintiff procured the intoxication of the driver of the car so that he would be guilty of complicity in obtaining the drunkenness of the driver.

█ In the case of James v. Wicker, 309 Ill. App. 397, which we last cited and discussed, there was a jury trial. There was a verdict in favor of the plaintiff for

347

$15,000 and the verdict was set aside and a judgment was entered non obstante veredicto. The trial was had upon the theory of contributory negligence, which of course does not apply in dramshop cases. The court in entering the judgment non obstante veredicto said that as a matter of law the facts in the case made it impossible for the plaintiff to recover as she was not an innocent party under the law and was guilty of complicity although she had not purchased or given the driver of the car any intoxicating liquors.

It is conceivable in the instant case, however, that if the jury heard the testimony in regard to the plaintiff's alleged intercession with the driver of the car to stop drinking and his insistence that they should go about the business of delivering the passenger to the airport and seeing the ball game, and that plaintiff had not furnished or bought the driver a single drink, the jury might find from these circumstances that the plaintiff had not procured the intoxication of the driver of the car and was such an innocent person as could recover.

We are not prepared to say, as a matter of law, that the admissions made by this plaintiff, when considered with the questions of fact raised by the counteraffidavit, make the plaintiff guilty of procuring the intoxication of the driver so that his complicity makes it impossible for him to recover.

A substantial question of fact having been raised by the affidavit and counteraffidavit, the summary judgment must be set aside and further proceedings had not inconsistent with this opinion.

Reversed and remanded.

BURKE, P. J. and FRIEND, J., concur.