ANTHONY DARGUZAS, Plaintiff-Appellant and Cross-Appellee, v. ROY ROBINSON, d/b/a Robinson's Family Inn, *et al.*, Defendants-Appellees and Cross-Appellants.

Second District   No. 2—86—1061

Opinion filed November 4, 1987.

Brady, McQueen, Martin, Collins & Jensen, of Elgin (Alfred Y. Kirkland, Jr., of counsel), for appellant.

Condon & Zopp, Ltd., of Crystal Lake (Joseph P. Condon, of counsel), for appellees.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of De Kalb County in favor of Anthony Darguzas, plaintiff-appellant and cross-appellee, and against defendants-appellees and cross-appellants. This action arose under section 135 of the Liquor Control Act of 1934 (Dramshop Act) (Ill. Rev. Stat. 1983, ch. 43, par. 135). In his complaint plaintiff alleged that he, on October 31, 1984, was severely beaten by two individuals whose intoxication was caused by defendant dramshops. The jury awarded $35,000 in damages to plaintiff. Defendant dramshops filed a post-trial motion for remittitur of the $35,000 award to the statutory $15,000 limit (Ill. Rev. Stat. 1983, ch. 43, par. 135) and for a new trial on the basis that the jury's verdict was against the manifest weight of the evidence. The trial court granted defendants' motion as to the remittitur count and denied it as to the grant of a new trial. This appeal ensued. The issues on appeal are: (1) whether the jury's verdict was against the manifest weight of the evidence; and (2) whether the trial court erred in limiting plaintiff's total recovery to $15,000, recoverable from both defendant dramshops. We affirm.

Plaintiff testified at trial that on the evening in question he went to Robinson's Family Inn (Robinson's), one of defendant dramshops, where he remained for approximately one hour until closing time. While in the bar, plaintiff consumed approximately three beers and one or two mixed drinks and started talking to defendants, Busch and Boekenhauer, who were playing dice for money. Plaintiff joined in the game. Busch testified that during the course of the evening he had about two or three drinks at Robinson's. Boekenhauer testified that he had had between five and seven drinks during the same period of time. The two defendants stated that they had paid for their own drinks. When Robinson's closed, Busch and Boekenhauer asked plaintiff to continue playing dice with them across the street at Hill's Tap, another defendant dramshop. Plaintiff testified that when the three of them left Robinson's for Hill's Tap, he observed that the other two men were intoxicated. At Hill's Tap, plaintiff and defendants, Busch and Boekenhauer, met Bart Buffington, an acquaintance of the two defendants. According to plaintiff, Buffington also appeared intoxicated. The four men remained at Hill's Tap for approximately one hour, during which time they continued drinking. Each party paid for their own drinks. When Hill's Tap closed, the four decided to go to Buffington's apartment to play cards. The four obtained a 12-pack of beer from the bar. Plaintiff testified that he did not know exactly who

picked up or paid for the packaged beer. At Buffington's apartment the four men started playing blackjack. Plaintiff stated that he and the others drank some beer from the 12-pack. In the course of the game, several arguments ensued between the four players regarding the rules of the game. Plaintiff expressed his intention to leave. This announcement led to the altercation which constitutes the underlying basis for the instant action. Plaintiff was severely beaten and needed hospitalization and plastic surgery.

We first address the issue raised by defendants in their cross-appeal. Defendant dramshops contend that the jury's verdict was against the manifest weight of the evidence. We disagree.

At trial, defendants raised the affirmative defense of complicity to plaintiff's complaint. Plaintiff's argument that defendants raised the issue of complicity for the first time in their post-trial motion and on appeal is meritless. This defense was presented at trial in the form of an instruction given to the jury without objection.

■■ ■ In *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 372 N.E.2d 637, the Illinois Supreme Court stated that the defense of complicity to actions under the Dramshop Act is a judicial rather than statutory creation. (69 Ill. 2d at 536.) This doctrine is based on the premise that one who is guilty of complicity in the inebriate's intoxication should not be allowed to recover under the statute. (69 Ill. 2d at 538.) In a dramshop action whether a plaintiff is or is not guilty of complicity, by actively contributing to the intoxication of the alleged inebriate, is an issue of fact for the jury. (*Meritt v. Chonowski* (1978), 58 Ill. App. 3d 192, 195, 373 N.E.2d 1060.) When the determination of the case rests largely upon findings of fact, the reviewing court will not disturb the trial court's determination as long as there is evidence in the record to support it. (*Graebe v. Graebe* (1981), 95 Ill. App. 3d 1144, 1150, 420 N.E.2d 1095.) We find that there is sufficient evidence in the record before us to support the jury's verdict against defendant dramshops.

■■ The appellate court in *Parsons v. Veterans of Foreign Wars Post 6372* (1980), 86 Ill. App. 3d 515, 408 N.E.2d 68, stated that under the complicity analysis the only relevant issue is whether the plaintiff materially contributed to the inebriate's intoxication (86 Ill. App. 3d at 517). An examination of the record here indicates that the jury could have properly concluded that plaintiff did not materially contribute to defendants' intoxication in that he did not encourage their drinking by buying drinks for them or permitting them to buy his drinks. We conclude that the trial court's finding was not against the manifest weight of the evidence, and we affirm the judgment of the trial court.

Next, we address the plaintiff's contention that the trial court erred in directing that plaintiff recover the statutory damage award of $15,000 collectively from both dramshops, rather from each individual defendant-dramshop.

■ Section 6—21 of the Dramshop Act as applicable at the time of the events leading to the case at bar provides in pertinent part:

"Every person who is injured in person or property by any intoxicated person, has a right of action in his or her own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person. *** *In no event shall the judgment or recovery under [the] Act for injury to the person or to the property of any persons as hereinabove exceed $15,000.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 43, par. 135.)

Plaintiff argues that the language of the statute supports his construction allowing for recovery of the statutory limit from each individual dramshop rather than from all defendants taken as a whole. Plaintiff cites no cases supporting such an interpretation. We, in fact, agree with plaintiff that this is a case of first impression. It is our opinion that the plain language of the statute indicates that an individual plaintiff's recovery is limited to $15,000. In our analysis we are also guided by cases construing section 6—21 of the Dramshop Act. This section has consistently been judicially interpreted to stand for the proposition that the legislature has intended to limit the recovery of any one injured party to $15,000. (*Lichter v. Scher* (1956), 11 Ill. App. 2d 441, 451, 138 N.E.2d 66.) In *Thorsen v. City of Chicago* (1979), 74 Ill. App. 3d 98, 392 N.E.2d 716, the plaintiff argued that he should be able to recover $15,000 for the injuries he suffered to his person, and separately another $15,000, for injuries to his property. The court stated that where "there is but one injury *** the plain intent of the section [6—21] is that *there can be but one recovery*, not to exceed $15,000 per plaintiff [from the dramshop defendants]." (Emphasis added.) 74 Ill. App. 3d 98, 110, 392 N.E.2d 716; see *Moran v. Katsinas* (1959), 16 Ill. 2d 169, 157 N.E.2d 38.

We note that section 6—21 of the Dramshop Act has been amended by the legislature in 1985 to include the following language: "Nothing in this Section bars any person from making *separate claims which, in the aggregate, exceed any one limit where such person incurs more than one type of compensable damage,* including personal injury, property damage ***." (Emphasis added.) (Ill. Rev. Stat, 1985, ch. 43, par. 135.) This amendment appears to allow recovery by one plaintiff in excess of $15,000 if he can establish more than one

statutorily compensable injury. The 1985 amendment resolves the issue raised in *Thorsen* regarding a plaintiff's ability to recover for both personal injuries and injuries to his property, but similar to the statute in effect at the time of the instant litigation, does not state that a plaintiff may obtain individual recoveries from each defendant dramshop.

We conclude that the trial court did not err in limiting the maximum plaintiff could recover to the statutory $15,000.

We affirm the judgment of the circuit court of De Kalb County.

Affirmed.

REINHARD and NASH, JJ., concur.