GLADYS A. LEWIS, Plaintiff-Appellant, v. CHAMPAIGN COUNTY VFW POST NO. 5520 *et al.*, Defendants-Appellees.

Fourth District   No. 4—88—0797

Opinion filed August 10, 1989.—Rehearing denied September 19, 1989.

Raymond R. Kimpel, of Summers, Watson & Kimpel, of Champaign, for appellant.

Craig J. Causeman and Howard W. Small, both of Thomas, Mamer & Haughey, of Champaign, for appellee Champaign County VFW Post No. 5520.

Robert P. Moore and David R. Moore, both of Law Offices of Robert P. Moore, P.C., of Champaign, for appellee American Legion Post No. 24.

JUSTICE KNECHT delivered the opinion of the court:

This is an appeal from an order granting summary judgment in favor of the defendants in a dramshop action. We affirm.

On July 9, 1988, the plaintiff, Gladys A. Lewis (Lewis), filed a dramshop action (Ill. Rev. Stat. 1985, ch. 43, par. 135) against the defendants, Champaign County VFW Post No. 5520 (VFW) and American Legion Post No. 24 (Legion), to recover damages for the personal injuries she suffered at the hands of William Nelson (Nelson), an intoxicated patron of both taverns.

Following pretrial discovery in the action, the defendants responded with separate motions for summary judgment. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005.) The VFW initially contended Lewis had not established the intoxication of Nelson. During argument on these motions, however, the VFW joined with the Legion in contending Lewis was guilty of complicity in the intoxication of Nelson.

On August 30, 1988, over the objections of Lewis, the circuit court entered summary judgment in favor of the defendants on the basis of Lewis' complicity in the intoxication of Nelson.

The following facts were revealed in pretrial discovery: Lewis and Nelson had been involved with one another on both a personal and a professional level for a period of approximately 2½ years. In that period, as on the day of the incident in question, Lewis and Nelson had often combined their business dealings with casual socializing over alcoholic drinks in the taverns of the defendants. As a result of their socializing, Lewis grew to realize that the potential for violent behavior on the part of Nelson increased with his consumption of alcohol. After being physically attacked by Nelson, Lewis attempted, without any great success, to limit the number of alcoholic drinks he consumed while in her company.

On July 15, 1986, the day of the incident in question, Lewis and Nelson spent most of the morning attending to personal matters in Danville, Illinois. After concluding their personal matters late in the morning, Lewis and Nelson initially stopped off at a tavern to install some business equipment. Nelson consumed his first alcoholic drink of the day during the short time it took to install the equipment. They then returned to Champaign, Illinois. Lewis and Nelson next stopped off at the VFW to inquire about the reinstallation of their

business equipment. Following these inquiries, they spent the remainder of the afternoon socializing together at the VFW. Nelson consumed an additional three or four strong alcoholic drinks. Lewis consumed her first weak alcoholic drink of the day. As they left the VFW, Lewis realized Nelson was "feeling" the effects of the alcohol. Lewis and Nelson finally stopped at the Legion to repair some business equipment. After completing these repairs, Lewis and Nelson spent the remainder of the evening socializing with acquaintances at the Legion. Nelson consumed at least another eight strong alcoholic drinks. Lewis consumed an additional two weak alcoholic drinks with water on the side. As Nelson became increasingly verbally abusive with each drink that evening, Lewis attempted to persuade him to return with her to their home. At that point, she did not fear for her physical safety while in the company of Nelson. Nelson ultimately returned with Lewis to their home. On their return, Nelson physically attacked Lewis.

The issue on appeal is whether there was a triable question of fact as to the alleged complicity of Lewis in the intoxication of Nelson. We affirm.

■ The Dramshop Act (Act) provides:

"Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in *** her own name, severally or jointly, against any person, licensed under the laws of this State *** to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within *** the territorial limits of this State, causes the intoxication of such person." Ill. Rev. Stat. 1987, ch. 43, par. 135(a).

■ The Act imposes no-fault liability. (*Nelson v. Araiza* (1978), 69 Ill. 2d 534, 538, 372 N.E.2d 637, 638.) Despite this form of liability, a plaintiff should not be allowed to profit from her own wrongful acts. (*Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 483-84, 193 N.E.2d 874-75.) Accordingly, a plaintiff who is guilty of complicity in the intoxication of the alleged inebriate may not recover in a dramshop action. See *James v. Wicker* (1941), 309 Ill. App. 397, 33 N.E.2d 169; *Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84, 200 N.E.2d 745.

Lewis contends the evidence does not establish she was guilty of complicity in the intoxication of Nelson. In support of her contention, Lewis cites two factors: (1) she did not physically provide any alcoholic drinks for Nelson; and (2) she attempted, without success, to limit the number of alcoholic drinks Nelson consumed while in her company. These factors, standing alone, do not accurately represent

the participation of Lewis in the drinking activity of Nelson.

■ To be guilty of complicity, a plaintiff must actively, though not necessarily voluntarily, encourage or otherwise participate in the intoxication of the inebriate. (*Nelson*, 69 Ill. 2d at 543, 372 N.E.2d at 641.) The requisite participation is established where the plaintiff (1) physically provides more than a negligible amount of alcohol to the inebriate (*Thompson v. Tranberg* (1977), 45 Ill. App. 3d 809, 811-12, 360 N.E.2d 108, 110-11); (2) voluntarily joins in drinking with the inebriate (*Krepfl v. Burke* (1974), 24 Ill. App. 3d 173, 180, 321 N.E.2d 30, 35); or (3) embarks on a tour of taverns with the inebriate (*Meier v. Pocius* (1958), 17 Ill. App. 2d 332, 333-34, 150 N.E.2d 215, 216).

■ The facts revealed in pretrial discovery indisputably establish Lewis was guilty of complicity in the intoxication of Nelson. First, Lewis embarked on a tour of taverns with Nelson. Second, Lewis voluntarily joined in drinking with Nelson. Third, Lewis had adequate cause to fear for her physical safety prior to returning to her trailer home with Nelson. For these reasons, we cannot accept the assessment of the evidence as offered by Lewis.

"[I]f the evidence is not disputed and all reasonable persons would conclude that [the] plaintiff voluntarily participated in the drinking [activity of the inebriate] to a material and substantial degree, then such participation bars [the dramshop action of the] plaintiff as a matter of law." (*Tezak v. Cooper* (1960), 24 Ill. App. 2d 356, 362, 164 N.E.2d 493, 496.) Given the facts revealed in pretrial discovery, there was no triable question of fact before the circuit court as to the complicity of Lewis in the intoxication of Nelson. We therefore conclude the circuit court properly granted summary judgment in favor of the defendants.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.