WAYNE D. WALTER, Plaintiff-Appellee, v. CARRIAGE HOUSE HOTELS, LTD., Defendant-Appellant (David Shelton, Defendant).

Fifth District   No. 5—91—0131

Opinion filed January 27, 1993.

Thomas L. Kilbride, of Klockau, McCarthy, Ellison & Marquis, P.C., of Rock Island, for appellant.

Michael J. Meyer, of Meyer, Keller & Runde, of Effingham, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Wayne D. Walter, brought this action against defendants, David Shelton and Carriage House Hotels, Ltd., a corporation (hereinafter defendant), to recover damages for personal injuries he sustained when the intoxicated Shelton attacked him on July 18, 1988. Shelton failed to appear at the trial and is not a party to this appeal. Defendant appeals from a jury verdict of the circuit court of Effingham County finding it liable for plaintiff's injuries under section 6—21

of the Liquor Control Act of 1934 (Dramshop Act) (Ill. Rev. Stat. 1987, ch. 43, par. 135).

In this appeal, defendant contends: (1) the trial court should have granted defendant's motion for directed verdict on the affirmative defense of complicity; (2) the trial court erred in its rulings on certain jury instructions; (3) the trial court erred in allowing plaintiff's counsel to make prejudicial statements during closing arguments on the central issue of intoxication; (4) the trial court erred in denying defendant's motion to sever; and (5) the trial court erred in not sustaining several of defendant's evidentiary objections. We affirm.

I

Between 7:30 and 8 p.m. on July 17, 1988, plaintiff, his ex-wife, Loretta Garrett, David Shelton, and Connie Osborne, Shelton's girl friend, went to the Brass Rail Restaurant and Lounge to have dinner. When they arrived, plaintiff and Shelton each had one beer. A waitress informed the group that it was too late for food service in the lounge, so Shelton paid for the drinks and they went to Ichabod's, where they ate dinner. Plaintiff and Shelton each had one beer with dinner, and plaintiff paid for the food and drinks. From Ichabod's, plaintiff drove Shelton and their two companions to the Carriage House Hotel. A band was playing at Chaser's Lounge in the hotel, and the four sat together at a table where they could listen to the music. The group stayed at the lounge three to four hours, during which time Shelton consumed 10 or 11 rounds of beer and an equal number of whiskey shots. As the evening progressed, plaintiff observed that Shelton was drinking heavily, but did nothing to encourage or discourage him. Shelton paid for all his own drinks as well as the three to four beers plaintiff consumed at the Carriage House Hotel. At approximately 10:30 p.m., Shelton and Connie Osborne began arguing. Connie then left the bar, and plaintiff asked Loretta Garrett to go after her. Loretta walked outside but returned when she was unable to locate Connie. Plaintiff volunteered to look for her in the car, but Shelton became belligerent and ordered plaintiff to sit back down. Finally, at approximately 11:30 p.m., plaintiff convinced Shelton it was time to leave. Plaintiff, Shelton and Loretta walked outside and found Connie waiting by the car. They all got into plaintiff's car, and plaintiff drove back to his apartment. When they arrived at the parking lot adjacent to plaintiff's apartment, Shelton got into his own car and sped away, leaving Connie behind. Loretta offered Connie a place to stay for the night, and the two women drove to Loretta's apartment. Shortly thereafter, plaintiff drove to a nearby Hardee's Restaurant

for a sandwich and coffee. Plaintiff returned to his apartment between 1 and 1:30 a.m. on July 18, 1988, and Shelton appeared at plaintiff's door a few minutes later. Plaintiff allowed Shelton entrance into the apartment, and Shelton asked where Connie was. Plaintiff responded she was spending the night at Loretta's apartment and suggested that Shelton get some sleep on plaintiff's couch. Shelton once again became belligerent, insisting on calling Connie immediately. Plaintiff tried to reach Loretta without success. Shelton then grabbed the telephone receiver and used it to hit plaintiff's jaw and face repeatedly. Plaintiff fell to the floor, and Shelton began kicking plaintiff's legs and torso. Plaintiff pretended to lose consciousness, and Shelton went into the bathroom. Plaintiff then rose from the floor, attempting to reach the bedroom and some means of self-defense, but Shelton saw him and resumed his attack. Shelton knocked plaintiff down and continued kicking plaintiff all over his body. Plaintiff again feigned unconsciousness, and Shelton left the apartment. A neighbor called the police, and plaintiff was taken to the hospital where he was diagnosed with a broken jaw, a fractured skull, four broken ribs, eye injuries, and numerous cuts and bruises.

Plaintiff filed a two-count complaint on January 23, 1989, naming Shelton and Carriage House Hotels, Ltd., as defendants. Count I alleged a cause of action against defendant under the Dramshop Act, and count II alleged a cause of action against Shelton for battery. Shelton wrote a letter to the trial court stating that he was incarcerated, would be unable to appear at any hearings, and was financially incapable of obtaining legal representation. Shelton filed no pleadings and the record indicates there was no further communication between Shelton and the trial court. Defendant moved to sever plaintiff's case against it from plaintiff's case against Shelton, but the trial court denied the motion, and the case against both defendant and Shelton proceeded to trial. Defendant also filed the affirmative defense of complicity and moved for directed verdict after plaintiff rested and at the close of the case. The trial court deferred ruling at the close of plaintiff's case and later denied defendant's motion before submitting the case to the jury. The jury found for plaintiff and awarded damages in the amount of $39,622.20. Although judgment was entered against Shelton and defendant, Shelton is not involved in this appeal.

II

On appeal, defendant first contends that the trial court should have granted its motion for directed verdict on the affirmative defense of complicity. Defendant argues that plaintiff should be barred

from recovery as a matter of law and the trial court erred by not directing the verdict in favor of defendant. Plaintiff responds that the issue of complicity is factual, and the trial court properly submitted the case to the jury.

■ The Dramshop Act provides no statutory defenses. Complicity as an affirmative defense was developed by judicial decision. The doctrine is based on the premise that one who is guilty of complicity in the inebriate's intoxication should not be allowed to succeed against the dramshop keeper. (*Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 485, 193 N.E.2d 872, 874.) Prior to 1978, decisions on the issue of complicity were vastly inconsistent. In response to the disparity among the appellate court decisions, our supreme court reasserted the correct rule of complicity. (*Nelson v. Araiza* (1977), 69 Ill. 2d 534, 372 N.E.2d 637.) After discussing various decisions dealing with the complicity doctrine, the court stated:

"The orderly administration of justice dictates that a clear rule of complicity be distilled. That rule, predicated on the better-reasoned decisions and the concept of the doctrine is this: only one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery. (See *Hays v. Waite* (1890), 36 Ill. App. 397; *Douglas v. Athens Market Corp.* (1943), 320 Ill. App. 40[, 49 N.E.2d 834]; *Ness v. Bilbob Inn, Inc.* (1957), 15 Ill. App. 2d 340[, 146 N.E.2d 234]; *Taylor v. Hughes* (1958), 17 Ill. App. 2d 138[, 149 N.E.2d 393]; *Burnley v. Moore* (1963), 41 Ill. App. 2d 156[, 190 N.E.2d 141]; *Baker v. Hannan* (1963), 44 Ill. App. 2d 157[, 194 N.E.2d 563].)" (69 Ill. 2d at 543, 372 N.E.2d at 641.)

The court further enunciated that in many cases the issue will be one of fact under the given circumstances, while in other cases the issue will be a matter of law for judicial determination. (69 Ill. 2d at 543, 372 N.E.2d at 641.) Whether complicity is an issue of fact or a matter of law depends upon the sufficiency of evidence to support the doctrine. 69 Ill. 2d at 543, 372 N.E.2d at 641.

Both parties cite several cases to support their positions. These decisions can be divided into three categories. The first class of cases includes decisions which predate *Nelson* but are not listed by the supreme court as the "better-reasoned decisions" cited as exemplifications of the court's stated rule of complicity. (*Nelson*, 69 Ill. 2d at 543, 372 N.E.2d at 641.) Defendant argues that such cases, specifically, *Leischner v. Daniel's Restaurant, Inc.* (1977), 54 Ill. App. 3d 568, 370 N.E.2d 157, *Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84, 200 N.E.2d 745, *Phenicie v. Service Liquor Store, Inc.* (1960), 23 Ill. App.

2d 492, 163 N.E.2d 220, and *Meier v. Pocius* (1958), 17 Ill. App. 2d 332, 150 N.E.2d 215, are relevant to the disposition of the case at bar. We disagree.

In *Leischner*, the court held that a plaintiff voluntarily participating in the drinking activity to a material and substantial degree would be barred from recovery as a matter of law. (*Leischner*, 54 Ill. App. 3d at 571, 370 N.E.2d at 159.) Similarly, the *Holcomb* court stated the test of complicity as "whether or not the injured party willingly and voluntarily participated in the drinking activity of the person who became intoxicated and inflicted the injury." (*Holcomb*, 51 Ill. App. 2d at 90, 200 N.E.2d at 748.) In *Phenicie*, the court, relying on *Meier*, held that participation by a plaintiff in the intoxicated person's drinking exonerates the defendant from liability under the Dramshop Act. (*Phenicie*, 23 Ill. App. 2d at 496, 163 N.E.2d at 222.) Finally, defendant relies on *Meier*, which held that if a plaintiff "embarks with another on a tour of taverns and joins in the drinking of liquor, he cannot, under the Dramshop Act, recover because of the alleged intoxication of his companion." (*Meier*, 17 Ill. App. 2d at 335, 150 N.E.2d at 216.) The *Meier* court considered this "participat[ing] in bringing about the intoxication of another." (17 Ill. App. 2d at 334, 150 N.E.2d at 216.) These holdings clearly do not reflect the rule of complicity explained by the supreme court in *Nelson*. Since the purpose of *Nelson* was to clarify and reassert the correct rule to prevent further misapplication of the doctrine, the aforementioned cases carry little or no weight.

The second class of cases we must address are those cases that predate *Nelson* and are listed by the supreme court as better-reasoned decisions on which the *Nelson* rule of complicity was predicated. In light of our supreme court's approval, they must be afforded more significance than the class of cases previously discussed. One of the first cases to address the affirmative defense of complicity is *Hays v. Waite* (1890), 36 Ill. App. 397. The plaintiff in *Hays* drank whiskey with his attacker for several hours and furnished some of the alcohol the two men shared before the man stabbed the plaintiff. The plaintiff sought to recover damages from the tavern keeper for his injuries. The court held:

"A party complaining of the wrongful act of a saloonkeeper in causing the intoxication of another, from which damage or injury results to him, must not be an active and willing agent with the saloonkeeper, assisting in causing such intoxication. Nor will such complaining party himself be allowed to furnish liquor which, in whole or in part, causes such intoxication of an-

other. No person can profit by his own wrong-doing, nor will the law allow a recovery for an injury resulting from a force put in motion by the wrongful or illegal act of the person complaining." (36 Ill. App. at 399.)

In a case with similar facts, *Douglas v. Athens Market Corp.* (1943), 320 Ill. App. 40, 49 N.E.2d 834, the court held that the plaintiff was an active participant in causing the intoxication of his attacker because the plaintiff participated in the purchase of rounds of drinks for a group including the attacker, during which time the attacker became intoxicated. (320 Ill. App. at 50-51, 49 N.E.2d at 839.) The court stated:

> "We agree that the record presented a case where the court was required as a matter of law to direct a verdict on the ground that plaintiff was an active participant in causing his assailant's intoxication, and that it is now our duty to direct the entry of a judgment *non obstante veredicto* for the defendants and against plaintiff." 320 Ill. App. at 51, 49 N.E.2d at 839.

In the case of *Ness v. Bilbob Inn, Inc.* (1957), 15 Ill. App. 2d 340, 146 N.E.2d 234, the plaintiff sought damages against several taverns which furnished alcohol to the plaintiff's companion, who had an auto accident resulting in injury to the plaintiff. The trial court entered summary judgment in favor of the defendant on grounds of the plaintiff's complicity since the plaintiff drank with his companion for several hours, although the plaintiff did not purchase any alcohol. The appellate court reversed and remanded for trial, holding there was a question of fact for the jury as to whether the plaintiff procured the intoxication of the driver of the car. (15 Ill. App. 2d at 348, 146 N.E.2d at 238.) The court in *Taylor v. Hughes* (1958), 17 Ill. App. 2d 138, 149 N.E.2d 393, held that "in order for the plaintiff to recover [in a dramshop action,] he must be free from procuring the intoxication of the injuring party." (17 Ill. App. 2d at 143, 149 N.E.2d at 396.) Using a similar standard of complicity to that applied in *Douglas*, the court in *Burnley v. Moore* (1963), 41 Ill. App. 2d 156, 190 N.E.2d 141, held that the plaintiff could not recover under the Dramshop Act where "plaintiff was an active and willing agent in bringing about the intoxication of her assailant." (41 Ill. App. 2d at 159, 190 N.E.2d at 143.) The plaintiff was the lone server at the bar where her attacker drank for several hours. The plaintiff admitted that she was the only source of the drinks by which he became intoxicated. The court found that the plaintiff was not an "innocent suitor" but instead was barred from recovery under the complicity doctrine as a willing contributor

to her assailant's intoxication. (41 Ill. App. 2d at 159-60, 190 N.E.2d at 143.) Therefore, the court upheld the trial court's summary judgment in favor of defendant. 41 Ill. App. 2d at 160, 190 N.E.2d at 143.

The final decision we must examine in this second class of cases is *Baker v. Hannan* (1963), 44 Ill. App. 2d 157, 194 N.E.2d 563. In *Baker*, the trial court directed a verdict for the defendants on the affirmative defense of complicity because the plaintiffs drank several beers purchased by Roland Isslehardt at two different drinking establishments before Isslehardt's car collided with the plaintiffs' car, causing the plaintiffs' injuries. The court affirmed the trial court's judgment, holding that the plaintiffs participated in the procurement of Isslehardt's intoxication, thus barring them from recovery under the Dramshop Act. 44 Ill. App. 2d at 159, 194 N.E.2d at 564.

## III

The third class of cases we must address on the doctrine of complicity is comprised of *Nelson* and its progeny. As stated earlier, the *Nelson* court clearly intended to resolve inconsistencies among the lower courts in the application of the doctrine. In *Nelson*, the supreme court discussed numerous prior decisions on the issue illustrating how distorted and incongruous the issue had become in Illinois courts. Although the six cases just discussed were cited by the supreme court as cases on which the *Nelson* rule was predicated, this third class of cases warrants our most careful analysis.

The *Nelson* plaintiff brought an action under the Dramshop Act against several tavern owners for personal injuries the plaintiff suffered as a passenger in the car Theodore Araiza was driving when the car was involved in an auto accident. At the close of the plaintiff's case, the defendants moved for directed verdict based on the affirmative defense of complicity. The circuit court directed a verdict for the defendants, but the appellate court reversed and remanded for a new trial, holding that complicity was an issue of fact. The facts showed that the plaintiff and her girl friend Marlene went to a tavern where they saw Araiza. Marlene had previously dated Araiza, and the plaintiff had known him for a couple of years. Araiza purchased beer for the plaintiff, and she went to sit with her girl friends. Although the plaintiff did not sit with Araiza, she noticed him drinking beer and behaving in a boisterous manner at the bar. Two to three hours after the plaintiff arrived at the tavern, she and Marlene decided to walk to the home of friends, approximately five blocks away. Araiza insisted on giving them a ride which the two women accepted to avoid a "hassle." En route to their destination, Araiza stopped to purchase a case

of beer. At the friends' house, the plaintiff drank one or two beers, while the already-intoxicated Araiza drank about eight cans of beer. A few hours after their arrival, the plaintiff prepared to walk the two blocks to her home. Araiza protested the plaintiff's and Marlene's departure, insisting that Marlene go out with him. Marlene agreed to go out if the plaintiff would agree to accompany them. The plaintiff yielded to the pleas of both Araiza and Marlene, on the condition that she be allowed to drive. The plaintiff drove them to a restaurant and went in to purchase food. When the plaintiff returned to the car, Araiza was in the driver's seat and insisted on driving. Both women told Araiza to take them home, as it was raining, they were about 20 blocks away from the plaintiff's home, and the plaintiff had no money for bus fare. The accident causing the plaintiff's injuries occurred a few blocks away.

After stating the rule of complicity as "only one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery" (*Nelson*, 69 Ill. 2d at 543, 372 N.E.2d at 641), the supreme court affirmed the appellate court's decision, concluding that the complicity issue in *Nelson* was a matter of fact for a jury to determine. 69 Ill. 2d at 543-44, 372 N.E.2d at 641.

In applying the *Nelson* rule, the districts have reached varying conclusions. Defendant points us to cases where the appellate court affirmed summary judgments in favor of defendants on the issue of complicity. *Lewis v. Champaign County V F W Post No. 5520* (1989), 187 Ill. App. 3d 73, 543 N.E.2d 233; *Sterenberg v. Sir Loin, Inc.* (1989), 183 Ill. App. 3d 631, 539 N.E.2d 294; *Parsons v. Veterans of Foreign Wars Post 6372* (1980), 86 Ill. App. 3d 515, 408 N.E.2d 68.

In *Sterenberg*, the plaintiff went out on a blind date with Greg McNally. The couple began the date at McNally's apartment, where he drank one or two glasses of champagne. The couple then went to a comedy club where the plaintiff had two glasses of wine and McNally drank four mixed drinks. Following the show, they went to dinner at the defendant restaurant. Before dinner, the couple each had one drink, and they drank two bottles of wine with dinner. McNally also had mixed drinks at dinner. After dinner they went to the restaurant's bar area where they both continued to drink. The plaintiff suffered an injured wrist when McNally lost his balance while leaning against her chair, causing the plaintiff and her chair to fall to the floor. The defendant filed a motion for summary judgment alleging 'that the plaintiff was barred from recovery because of her complicity in McNally's intoxication. The trial court granted the defendant's motion, and the appellate court affirmed, stating:

"We believe that the statements in the plaintiff's deposition establish that she willingly participated in McNally's intoxication by joining in his drinking activities and by providing him with significant companionship. We also believe that all reasonable persons would conclude from her statement that the plaintiff's participation was material and substantial." (183 Ill. App. 3d at 636, 539 N.E.2d at 297.)

In reaching that result, however, the *Sterenberg* court relies heavily on cases predating *Nelson* not cited by the supreme court as those on which the complicity rule was predicated. (183 Ill. App. 3d at 634-35, 539 N.E.2d at 297; *Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84, 200 N.E.2d 745; *Liff v. Haezbroeck* (1964), 51 Ill. App. 2d 70, 200 N.E.2d 525; *Phenicie v. Service Liquor Store, Inc.* (1960), 23 Ill. App. 2d 492, 163 N.E.2d 220; *Meier v. Pocius* (1958), 17 Ill. App. 2d 332, · 150 N.E.2d 215.) Furthermore, the *Sterenberg* court's finding that the plaintiff was barred from recovery because she "willingly participated in McNally's intoxication by joining in his drinking activities and by providing him with significant companionship" (*Sterenberg*, 183 Ill. App. 3d at 636, 539 N.E.2d at 297) does not reflect the standard of complicity as stated by *Nelson*, which requires a plaintiff to actively contribute or procure the intoxication of the inebriate. We do not accept that "willing participation" is synonymous with active contribution or procurement. Therefore, we find it unnecessary to further distinguish *Sterenberg* from the case at bar.

Defendant also cites *Lewis v. Champaign County V F W Post No. 5520* (1989), 187 Ill. App. 3d 73, 543 N.E.2d 233, where the Fourth District Appellate Court upheld a summary judgment in favor of the defendant based on the affirmative defense of complicity, finding: "The facts revealed in pretrial discovery indisputably establish Lewis was guilty of complicity in the intoxication of Nelson." (187 Ill. App. 3d at 76, 543 N.E.2d at 235.) In reaching that decision, the *Lewis* court stated the law as follows:

"To be guilty of complicity, a plaintiff must actively, though not necessarily voluntarily, encourage or otherwise participate in the intoxication of the inebriate. (*Nelson*, 69 Ill. 2d at 543, 372 N.E.2d at 641.) The requisite participation is established where the plaintiff (1) physically provides more than a negligible amount of alcohol to the inebriate (*Thompson v. Tranberg* (1977), 45 Ill. App. 3d 809, 811-12, 360 N.E.2d 108, 110-11); (2) voluntarily joins in drinking with the inebriate (*Krepfl v. Burke* (1974), 24 Ill. App. 3d 173, 180, 321 N.E.2d 30, 35); or (3) embarks on a tour of taverns with the inebriate (*Meier v. Pocius*

(1958), 17 Ill. App. 2d 332, 333-34, 150 N.E.2d 215, 216)." (187 Ill. App. 3d at 76, 543 N.E.2d at 235.) This three-prong test establishing the requisite participation for complicity to exist originates from cases predating *Nelson* not listed among those decisions the supreme court deemed well-reasoned. We therefore decline to follow *Lewis.*

Finally, defendant cites *Parsons v. Veterans of Foreign Wars Post 6372* (1980), 86 Ill. App. 3d 515, 408 N.E.2d 68, a Fifth District Appellate Court case, in support of its argument that the trial court should have directed a verdict on the defendant's complicity defense. In *Parsons,* Edgar and Margaret Parsons drove their motorcycle to the VFW post and met up with some friends. The couple stayed at the tavern for approximately 4½ hours, during which time Edgar consumed 14 to 16 beers and Margaret drank at least six to seven beers. Margaret served her husband every drink he had. Edgar later had an accident on the motorcycle which resulted in his death. Margaret filed a dramshop action against the VFW for loss of means of support in consequence of the death of her husband, which resulted from his intoxication. The matter went to trial where the jury rendered a verdict in favor of the defendant. Mrs. Parsons appealed, contending that the jury instruction given on complicity did not accurately reflect the law as defined by *Nelson.* (86 Ill. App. 3d at 515, 408 N.E.2d at 70.) The disputed instruction was given as follows:

"If you find that the plaintiff did any of the following things then the plaintiff cannot recover damages in this case from Veterans of Foreign Wars Post 6372:

Willingly encouraged the drinking which caused the intoxication of Edgar Parsons.

Voluntarily participated to a material and substantial extent in the drinking which led to the intoxication of Edgar Parsons. The law does not state what is participation to a material and substantial extent. This is for you to decide." 86 Ill. App. 3d at 516, 408 N.E.2d at 70.

This court found that the above instruction was not inconsistent with *Nelson:*

"The instruction raises complicity where the plaintiff either caused the intoxication, encouraged the drinking which caused the intoxication, or participated to a material and substantial extent in the drinking which led to the intoxication of the inebriate. One may reasonably conclude that a plaintiff who does any of these acts has 'contributed to or procured' the inebriate's intoxication." (86 Ill. App. 3d at 518, 408 N.E.2d at 71.)

In response to the plaintiff's argument that complicity should only apply to plaintiffs who furnish the liquors or a part thereof that caused the inebriate's intoxication, this court, relying only on *Nelson* and the cases cited therein as well-reasoned decisions, held that "a plaintiff may be guilty of complicity simply by drinking with the intoxicated person and need not furnish any of the liquor." 86 Ill. App. 3d at 521, 408 N.E.2d at 74.

While defendant asserts that *Sterenberg, Lewis* and *Parsons* support its position that the trial court should have granted defendant's motion for a directed verdict, plaintiff responds that the trial court ruled correctly on its motion, citing *Darguzas v. Robinson* (1987), 162 Ill. App. 3d 362, 515 N.E.2d 451, and *Merritt v. Chonowski* (1978), 58 Ill. App. 3d 192, 373 N.E.2d 1060, for support. In *Merritt*, the plaintiff and his companions drank three to four beers each at a bar, after which each man bought an eight-pack of beer. The men drank the beer at a drive-in movie before stopping at another bar. The plaintiff waited in the car while the driver went into the bar. When the driver returned to the car, he told the plaintiff he had consumed six strong drinks. The driver later had an accident in which the plaintiff was injured. The trial court granted the defendant's motion for summary judgment on grounds of the plaintiff's complicity, but the appellate court reversed and remanded for trial, stating: "Whether the plaintiff was or was not guilty of complicity by actively contributing to the intoxication of the alleged inebriate *** was an issue of fact to be determined by trial." (58 Ill. App. 3d at 195, 373 N.E.2d at 1062.) The court in *Darguzas* reached the same conclusion, refusing to reverse a judgment in favor of the plaintiff, even though the plaintiff and his attacker drank together for several hours at a bar. The plaintiff knew his attacker was intoxicated and still agreed to accompany him to another companion's house to play cards and continue drinking. The court stated:

> "When the determination of the case rests largely upon findings of fact, the reviewing court will not disturb the trial court's determination as long as there is evidence in the record to support it. [Citation.] We find that there is sufficient evidence in the record before us to support the jury's verdict against defendant dramshops." *Darguzas*, 162 Ill. App. 3d at 364, 515 N.E.2d at 452.

■ After careful examination, we find *Nelson, Parsons, Merritt* and *Darguzas* to be the definitive authority on the doctrine of complicity. Applying the facts of the present case to the *Nelson* rule, we find that plaintiff's actions did not rise to the level of active contribution

to or procurement of Shelton's intoxication as a matter of law. As stated earlier, *Nelson* held that complicity is an issue of fact in some cases and an issue of law in others, depending upon the circumstances. (*Nelson*, 69 Ill. 2d at 543, 372 N.E.2d at 641.) A determination of whether the issue is one of fact or one of law rests on whether there is sufficient evidence to support the complicity doctrine. (69 Ill. 2d at 543, 372 N.E.2d at 641.) Therefore, each case must be determined on the facts.

Comparing the facts of the present case to those of *Parsons*, we find significant distinctions. In *Parsons*, the plaintiff facilitated her husband's intoxication by serving him 14 to 16 beers. Although Mrs. Parsons did not purchase the alcohol, she went to the bar and retrieved each round of drinks for her husband. In the case at bar, plaintiff bought Shelton one drink at dinner but did nothing further to expedite or procure Shelton's intoxication. At Chaser's, plaintiff accepted three or four beers from Shelton but did not join Shelton in his consumption of 10 to 11 rounds of beer and whiskey. The evidence shows that while the group was at Chaser's, Shelton was away from the table for periods of time, both drinking at the bar and dancing. At no time during the evening did plaintiff serve any drinks to Shelton or encourage Shelton to drink.

The courts in both *Merritt* and *Darguzas* found the issue of complicity to be one of fact, even though both plaintiffs arguably took a more active role in the drinking activities than did plaintiff in the case now before us. In looking at the record in this case, we find there is sufficient evidence to support the jury's verdict against defendant. Such acts on the part of plaintiff do not rise to a level of complicity which must be determined a matter of law, and this court will not disturb the jury's determination. Furthermore, our holding in this case is not in conflict with the cases cited with approval by *Nelson* discussed herein. We find that the trial court correctly denied defendant's motion for directed verdict and properly left the question of defendant's complicity to the fact finder.

### IV

We next turn to defendant's contention that the trial court erred in its rulings on certain jury instructions. Defendant first argues that the court gave an improper modified instruction on complicity. The court's instruction No. 2 was given as follows:

"If you find that the Plaintiff did any of the following things then the Plaintiff is guilty of complicity:

1. Willingly caused the intoxication of David Shelton.

2. Willingly encouraged the drinking which caused the intoxication of David Shelton.

3. Voluntarily participated to a material and substantial extent in the drinking which led to the intoxication of David Shelton. The law does not state what is participation to a material and substantial extent. That is for you to decide."

The first line of Illinois Pattern Jury Instructions, Civil, No. 150.17 (3d ed. 1991) on complicity differs slightly, reading as follows: "If you find that plaintiff did any of the following things then plaintiff cannot recover damages in this case * * *." (Illinois Pattern Jury Instructions, Civil, No. 150.17 (3d ed. 1991).) Defendant contends that the modified instruction was misleading because it did not explain that the jury cannot find for plaintiff if the jury finds that plaintiff committed any of the acts of complicity. In deciding whether the jury was misled to the extent that the instruction was reversible error, we must look to the instructions as a whole. The court's instruction No. 1 immediately preceding the disputed instruction read as follows:

"In his claim against Carriage House Hotels, Ltd., the Plaintiff has the burden of proving each of the following propositions:

1. That David Shelton was intoxicated at the time of the occurrence.

2. That the Defendant, Carriage House Hotels, Ltd., A Corporation, its agents or servants, sold or gave intoxicating liquor consumed by David Shelton.

3. That the liquor thus consumed caused the intoxication of David Shelton.

4. That the intoxication of David Shelton was at least one cause of the occurrence in question.

5. That as a result of the occurrence Plaintiff suffered injury.

In this case Defendant, Carriage House Hotels, Ltd., has asserted the affirmative defense of complicity.

The Defendant has the burden of proving this defense.

If you find from your consideration of all the evidence that each of the propositions required of the Plaintiff has been proved and that the Defendant's affirmative defense has not been proved, then your verdict should be for the Plaintiff and against the Defendant, Carriage House Hotels, Ltd., A Corporation. If, on the other hand, you find from your consideration of all the evidence, that any one of the propositions the Plaintiff is required to prove has not been proved, or that the

Defendant's affirmative defense has been proved, then your verdict should be for the Defendant, Carriage House Hotels, Ltd., A Corporation."

We find that the court's instruction above clearly states that if plaintiff's actions rose to the level of complicity, as defined in the court's instruction No. 2, the jury could not find for plaintiff. The jury was also instructed to consider the instructions as a whole and not to disregard any. Therefore, the modified rule did not mislead the jury as to defendant's affirmative defense of complicity.

■ Defendant also argues that the use of the word "guilty" in the modified instruction was improper and prejudicial because the jury could have thought the term implied a higher burden of proof for defendant. While this court does not encourage the use of the word "guilty" in civil actions before a jury (see *Nunley v. Mares* (1983), 114 Ill. App. 3d 779, 449 N.E.2d 864), the phrase "guilty of complicity" has become a common term in dramshop practice. Several of the appellate court decisions cited herein, and this opinion, use it. Although its common usage in the legal profession does not necessarily reduce its effect on jurors, we must note that the jurors in this case were also given an instruction on the correct burden of proof. Therefore, we find that the court's choice of words was harmless and did not render the instruction misleading, argumentative or prejudicial. *Berry v. American Commercial Barge Lines* (1983), 114 Ill. App. 3d 354, 450 N.E.2d 436.

■ Defendant further contends that the trial court committed reversible error in giving five other instructions tendered by plaintiff. We find no merit in defendant's arguments.

■ The next issue defendant presents is whether the trial court erred in allowing statements by plaintiff's counsel during closing argument regarding Shelton's intoxication. Defendant claims plaintiff's counsel's comments on the central issue of Shelton's intoxication were speculative and prejudicial:

"But what else can we say about Shelton? He is not here to defend himself. We don't know where he is. We filed this suit against him. What would he say if he was here to defend himself? He wouldn't have any defense to this. But although he might not have a defense, he would have an explanation, I suppose, not an excuse. His explanation is that he was drunk."

Plaintiff contends that the above argument was a reasonable inference drawn from the evidence. As plaintiff correctly states, the "greatest latitude" must be given to counsel when arguing uncontroverted facts. (*Hopwood v. Thomas Hoist Co.* (1966), 71 Ill. App. 2d

434, 219 N.E.2d 76.) In the case before us, the evidence of Shelton's intoxication was uncontroverted. Defendant presented no evidence that Shelton was sober at the time he attacked plaintiff, nor did cross-examination of plaintiff's witnesses reveal any such conclusion. Further, this court should give deference to the trial court's judgment as to whether prejudice has occurred. (*In re Salmonella Litigation* (1990), 198 Ill. App. 3d 809, 556 N.E.2d 593.) Closing argument must be clearly improper and prejudicial to warrant reversal. (198 Ill. App. 3d at 820, 556 N.E.2d at 600.) We do not find that plaintiff's counsel's comments during closing arguments rise to the level of clearly improper and prejudicial, and we defer to the trial court's judgment on this issue.

■ Defendant next contends that the trial court erred in denying defendant's motion to sever. Defendant argues that Shelton's lack of appearance and defense at trial unfairly prejudiced defendant. The standard of review on this issue is abuse of discretion. (*Wiegel v. One La Salle Co.* (1966), 75 Ill. App. 2d 272, 221 N.E.2d 117.) The trial court has broad discretion in determining whether to grant a severance. (75 Ill. App. 2d at 277, 221 N.E.2d at 119.) Also, it is proper to join the dramshop in the same action with the alleged intoxicated person, and a trial court does not abuse its discretion in denying a severance of the claims. (*Wiedow v. Carpenter* (1941), 310 Ill. App. 342, 34 N.E.2d 83.) Defendant provides no support for the contention, and we find none. We find the trial court did not abuse its discretion in denying defendant's motion to sever.

■ Finally, defendant contends that the trial court erred on several evidentiary issues. After a careful examination of defendant's numerous objections, we find them to be without merit.

For the foregoing reasons, the judgment of the circuit court of Effingham County is affirmed.

Affirmed.

WELCH and MAAG,* JJ., concur.

---

*Justice Harrison participated in oral argument. Justice Maag was later assigned to this case in substitution for Justice Harrison, and Justice Maag has read the briefs and listened to the audiotape of oral argument.